HORN v. STATE.          (7 Div. 913.)

(Court of Appeals of Alabama.   Feb. 5, 1924.)

1. Criminal law ⚎739(3)—Whether sale committed within period of limitation held for jury; "fall."

Evidence that liquor was sold in the "fall" of 1921 *held* to raise a question for the jury as to whether the sale took place within the 12 months preceding the finding of the indictment on August 19, 1922; the term "fall" meaning that period of the year including September, October and November, and beginning the 1st day of September.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fall.]

2. Criminal law ⚎814(7) —Instructions held not objectionable as abstract.

In a prosecution for the unlawful sale of prohibited liquor, instructions as to the necessity of a finding that the offense was committed within the period of limitation preceding the finding of the indictment *held* not objectionable as abstract.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Tom Horn was convicted of selling prohibited liquors and appeals. Affirmed.

I. M. Presley and C. A. Wolfes, both of Ft. Payne, for appellant.

"Last fall a year ago" is not sufficient to fix the time of the commission of the offense.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

If the crime was committed in the fall of 1921, it was committed subsequent to August, 1921.   Webster's Int. Dict.

BRICKEN, P. J.   But one question is presented for the consideration of this court by this appeal, and that is, Was there evidence sufficient to show that the offense complained of was committed within the time covered by the indictment? In other words, the charge against the defendant being a misdemeanor, does the evidence show that it was committed within twelve months before the finding of the indictment in this case?

The indictment, charging the defendant with a violation of the prohibition law (misdemeanor), was found by the grand jury of De Kalb county, and was duly presented in open court by the grand jury on August 19, 1922, and filed on that date. In order to sustain a conviction under this indictment, therefore, it was incumbent upon the state to offer testimony showing that the act complained of, in this case selling grape wine to state witnesses, was committed before the finding of the indictment and subsequent to August 19, 1921.

[1] We are free to state that the cursory examination, both on direct and cross, of the witnesses on this question is unusual. However, we hold that on this question sufficient testimony was adduced upon the trial to make it a question for the jury. The court in its oral charge expressly stated:

"This indictment was found on the 19th day of August, 1922, so anything done by Mr. Horn [defendant] after the 19th day of August, 1921,

could be tried and would not be a bar by the statute of limitations, and, if this young man bought this stuff in the fall after the 19th of August, 1921, then this prosecution is brought in time. If it was done before the 19th day of August, 1921, why of course it would be barred, because the indictment was not found till the 19th day of August, 1922."

In addition to this portion of the oral charge, the court, at the request of defendant, gave the following written charge:

"Before you can convict the defendant in this case, you must believe beyond all reasonable doubt that the offense was committed as charged in the indictment within 12 months from the date of this indictment."

[2] This written charge as well as the quoted portion of the oral charge is not abstract in our opinion. The testimony of state witness Oscar Keith contained such statements as:

"The time Cupp was with me, I got some wine. That was before Christmas. That is the time I say my recollection is that it was in the fall."

And on cross-examination this witness stated:

"This was some time in the fall—a year ago last fall."

And witness Cupp, on this question, stated:

"I know Oscar Keith; during last fall a year ago I went with Keith out to Uncle Tom Horn's [defendant's]. We got some wine there. It was in De Kalb county, and last fall a year ago."

State witness Powell testified on this question:

"I know where defendant lives. I was out there last fall a year ago. I saw John Cupp and Oscar Keith out there. I saw them get some wine from Uncle Tom Horn [defendant]."

It will be noted that each of the three state witnesses designated the "time" as to the purchase of the wine from defendant as being in the fall of the year 1921, and one of these stated:

"It was in the fall before Christmas."

The question presented, therefore, is whether the fall of 1921 was subsequent to August 19, 1921. The term "fall" is synonymous with the term "autumn," and autumn is defined in Webster's International Dictionary as "the third season of the year; is often called 'the fall.'" The definition goes further in defining the word:

"Astronomically, it begins in the northern temperate zone at the autumnal equinox, about September 23, and ends at the winter solstice, about December 23; but in the popular language autumn in America comprises September, October, and November."

In common acceptation a year is divided into four seasons, to wit, spring, summer, fall, and winter. The spring months are commonly known to be March, April, May; the summer months, June, July, and August; the "fall" months, September, October, and November; and the winter months, December, January, and February.

In Abel v. Alexander, 45 Ind. 523, 15 Am. Rep. 270, the court said:

"An agreement to extend the time of payment" of a promissory note "'until the fall' of 1871 means 'until the commencement of the fall season, or the 1st of September of that year.'"

Fall is a period of the year which begins on the 1st day of September. The statement in the caption of an indictment as made at the fall term is sufficiently definite. State v. Haddock, 9 N. C. 461, 462.

We think from what has been said that the evidence was sufficient in this connection, and that from this evidence the jury was authorized and justified in returning the verdict rendered. No error appearing, the judgment appealed from will stand affirmed.

Affirmed.