[Civil No. 3607.   Filed December 30, 1935.]

[52 Pac. (2d) 1162.]

THOMAS P. JOHNSON, Appellant, v. JULIA S. JOHNSON, Appellee.

. Mr. James E. Nelson, for Appellant.

Mr. L. J. Cox, for Appellee.

McALISTER, J.—The marriage existing between Julia S. Johnson and Thomas P. Johnson was dissolved in September, 1928, and the decree awarded the custody of their two minor children to the plaintiff and directed the defendant to pay her forty dollars per month alimony and fifty dollars a month for the support of the two children.

Upon the petition of the defendant this decree was modified on June 28, 1929, by granting the custody of the two minors to the defendant and by directing him to pay plaintiff alimony in the sum of fifty dollars per month in semi-monthly installments.

Three years later, or on June 16, 1932, the defendant filed a petition for a further modification of the decree and it was heard on July 7, 1932. At the close of the hearing the court took the matter under advisement and on April 24, 1933, made an order modifying the decree by reducing the alimony from fifty to twenty dollars a month and by "relieving defendant of all alimony to the date hereof." The effect of this was to excuse defendant from paying the fifty dollars a month from the day the petition to modify was filed on June 16, 1932, until the making of the order of modification on April 24, 1933.

Some fifteen months later, or on August 9, 1934, the plaintiff filed a motion to strike from the order of April 24, 1933, the words, "relieving defendant of all alimony to the date hereof," and on November 1, 1934, this motion was granted. It is the order giving plaintiff this relief that the defendant has brought here for review.

■ The only assignment is that the court erred in striking from that order the words, "relieving defendant from all alimony to the date hereof." It was entered upon the theory that the order of June 28, 1929, directing the payment of fifty dollars a month was still in force and, therefore, the court had no jurisdiction on April 24, 1933, to relieve defendant from paying alimony that had accrued up to that time and was unpaid. The ground upon which this view rested is that the installments vested each month as they became due and the court's power to change them in any way after that no longer existed. In support of this plaintiff cites *Adair* v. *Superior Court in and for Maricopa County,* 44 Ariz. 139, 33 Pac. (2d) 995, 996, 94 A. L. R. 328, in which the court used this language:

"Installments of alimony become vested the moment they are due and the court has no power to modify the decree as to them. The rights and liabilities of the parties in such instances become irrevocably fixed on the dates the decree provides they shall be paid, and the inevitable effect of this is that the power to 'amend, change or alter' a provision of the decree requiring the care, custody or maintenance of the children has no reference to installments that are past due and unpaid."

The application of this language to the order of April 24, 1933, invalidates that portion of it excusing the defendant from paying the alimony which accrued up to that time and was unpaid if the filing of the petition to modify it had no effect on the court's jurisdiction over it. The power given under section 2188, Revised Code of 1928, however, to "amend, revise and alter" that portion of a divorce decree relating to the payment of alimony is full and complete and necessarily confers upon the court authority to do what in its judgment the evidence warrants, that is, increase, decrease, continue unchanged or deny it altogether from that time forward. It could not, of course, change in any way the amount of alimony that had already accrued, but the fact that the filing of the petition gave it full power over future payments means that its jurisdiction over them was neither lost nor abridged by taking the matter under advisement for the purpose of determining what change, if any, should really be made. The court's power over installments accruing after the filing of the petition was the same following their due date that it was prior thereto, and even if defendant had paid them as they became due, its power to make what in its judgment was a proper order was in no way lessened. Hence, the fact that it did not decide the matter until April 24, 1933, in no sense deprived it of jurisdiction to make an order carrying

into effect its conclusion that the facts introduced at the hearing in July, 1932, called for a change in alimony from and after the filing of the petition on June 16, 1932. If the court had felt at the time of the hearing that the filing of the petition did not prevent future installments from vesting, except conditionally, it would undoubtedly have entered a temporary order relieving him from paying them until the matter should be decided, because it is clear that the defendant by filing his petition did all within his power to obtain relief from and after June 16, 1932, and he should not be held responsible for the court's delay in deciding the matter. It was something entirely beyond his control.

The only decision on the question involved here to which our attention has been called is *Keck* v. *Keck,* 219 Cal. 316, 26 Pac. (2d) 300, 302, and it should be stated that the trial court did not have the benefit of it in entering its order. It appears that on September 3, 1930, Arthur W. Keck was cited for contempt of court for failing to make the payments of $100 per month due Lizzie B. Keck under an order for alimony *pendente lite,* and a hearing on that citation was held May 11, 1932. Some fourteen months before that, however, that is, on March 16, 1931, an interlocutory decree of divorce in favor of Lizzie B. Keck on her cross-complaint had been entered and an award of $100 a month for her support made therein. When the hearing on the contempt charge was had on May 11, 1932, $1,387.50 was due in alimony *pendente lite* and $1,200 for support under the interlocutory decree, and the court entered an order directing Arthur Keck to pay $1,000 in full settlement of these two sums, totaling $2,587.50. Lizzie Keck contended that this sum had vested and the court was powerless to reduce it to $1,000, or any other sum. It appears, however, that prior to May 11, 1932, oral mo-

tions to modify the decree had been made, or at least the court presumed that such action had been taken, and acting upon that theory disposed of this contention in the following language:

"We have heretofore held that in the absence of a reporter's transcript or bill of exceptions it must be presumed in disposing of this appeal that a motion for modification was made. In this state of the record it cannot be ascertained at what date such a motion was made, if in fact it was made. A modification as to future installments may be made as of the date when modification is applied for, and is not required to be made as of the date of hearing. In the case herein the entire matter of alimony and motion for modification may have been submitted to the court before the hearing of May 11, 1932, upon one of the occasions when continuances were had. In that event, the court below, if the justice of the case requires it, may, upon further proceedings, relieve respondent from liability for that portion of the sum of $2,587.50 which accrued subsequent to the date when the matter of modification was addressed to the court."

In that case the rule that accrued installments of alimony vest and are beyond the power of the court to change is specifically adhered to, though the court states that a decree may be modified as to installments that become due in the future, and it will be observed that it says that this may be done "as of the date when modification is applied for" and that the court may, upon further proceedings, relieve one from liability for that portion of alimony "which accrued subsequent to the date when the matter of modification was addressed to the court." This is the identical question presented in the case at bar and we think it a correct statement of the rule. The question is one of power, not of the proper exercise of that power. If the order had been that the twenty dollars a month should be paid from the filing of the

petition instead of from the day the order was entered, its validity would perhaps have been unquestioned, yet the court could only have reduced it to that extent by exercising the power that authorized it to deny alimony altogether for that period.

Appellee contends further that the provision in the original decree relative to alimony was based upon a valid property settlement and that the court had no power to change it unless he also made a re-disposition of the property which vested in the husband as a result of that settlement. A reading of the original decree of divorce discloses that there is no basis for the application of this doctrine to the facts of this case, because it specifically provides that the community property, both real and personal, and any equity therein, shall be and remain the sole and separate property of the defendant, "he to assume and pay all community debts." The sum of ninety dollars a month in that decree for the support of the plaintiff and the two minor children, as well as the fifty dollars a month he was directed to pay the plaintiff alone in the modified decree of June 28, 1929, when the custody of the two minor children was changed from the plaintiff to the defendant, was alimony, and not her portion of the community property. According to the affidavit filed by the defendant on June 16, 1932, in support of his petition for modification, the amount due on their community property was such that there was little, if any, equity left therein. Hence, the awarding of this property to the defendant merely gave him the privilege of paying off the indebtedness against it and then owning it, and was not the basis upon which the order directing the payment of the ninety dollars and fifty dollars respectively was made. In fact, finding No. 7 in the original decree, which was in the following

language, discloses that it was to be paid from his earnings:

"That the defendant is a strong, able-bodied man, and is able to provide for plaintiff and the two minor children, to wit: Thomas P. Johnson, Jr., and Harold L. Johnson, in the sum of Ninety ($90.00) Dollars per month."

And the order relieving defendant from the payment of the installments which accrued after June 16, 1932, was perhaps due to the fact that, though strong and able to provide, he lost his position in May, 1932, and was unable to earn the means with which to meet them.

Plaintiff contends further that the court had no jurisdiction to enter the order of April 24, 1933, because the motion to modify was not acted upon within six months from the time it was submitted. Her position is that, under section 3859, Revised Code of 1928, no judgment can be modified by the court after the expiration of six months from the time it is entered. That section, which was paragraph 600 of the Civil Code of 1913, is the one giving the court the right, for good cause shown, to modify or set aside a judgment or decree within six months from the time it is made or entered, but it has no application to decrees of divorce, at least in so far as they concern alimony and the custody and care of minor children. The court's jurisdiction over divorce decrees in these two respects is, under the provisions of section 2188, Revised Code of 1928, as we have seen above, continuous and in no way dependent upon section 3859.

It is, of course, true, under section 15, article 6, of the Constitution of this state, that the matter should have been decided within sixty days after it was submitted to the court, but in *Williams* v. *Williams,* 29 Ariz. 538, 243 Pac. 402, it was held that the

failure to render a decision within this time does not deprive the court of jurisdiction to act after the expiration of that period.

■ It appears from the showing of the plaintiff, and is admitted by the defendant, that the installment of twenty-five dollars due June 5, 1932, had not been paid when the petition to modify was filed on June 16, 1932, and this being true, the court's order "relieving defendant of all alimony to the date hereof" was ineffective in so far as it applied to that half of the June, 1932, installment, it having already vested at that time.

The judgment is reversed and the cause remanded with directions to enter an order relieving the defendant from the payment of those installments that accrued after June 16, 1932, and giving the plaintiff judgment for the twenty-five dollars due June 5, 1932.

LOCKWOOD, C. J., and ROSS, J., concur.