106 So.2d 73 (1958)
B.B. McARTHUR, Appellant,
v.
Frances H. McARTHUR, Appellee.
Supreme Court of Florida.
October 17, 1958.
Rehearing Denied November 18, 1958.
Pruitt & Pruitt, Miami, for appellant.
Howard N. Pelzner, Miami, for appellee.
O'CONNELL, Justice.
This is the second appearance of this cause before us. See McArthur v. McArthur, Fla. 1957, 95 So.2d 521.
Pursuant to the mandate of this Court, issued on the first appearance of this cause in this Court, further proceedings were had in the trial court. On January 28, 1958 an order was entered in which the wife's alimony was increased from $50 per week to $600 per month, retroactive to June 28, 1956 (the date on which the wife filed her petition for increase in alimony), and the husband was ordered to pay the wife's attorney $5,000 for his services in this cause. The husband appeals this order.
We have retained jurisdiction of this cause under the rule announced in Armenian Hotel Owners, Inc. v. Kulhanjian, Fla. 1957, 96 So.2d 896.
The husband raises three questions. First, he argues that the increase in alimony is excessive and is not supported by the evidence. The record reflects ample evidence to support the increase in alimony. The husband has not shown that the chancellor abused his discretion.
Second, the husband contends that the chancellor was without authority to make the increase in alimony retroactive to the date the wife filed her petition for such increase.
The husband in support of his position cites the opinion of this Court in Van Loon v. Van Loon, 1938, 132 Fla. 535, 182 So. 205; Pottinger v. Pottinger, 1938, 133 Fla. *74 442, 182 So. 762; Boyer v. Andrews, 1940, 143 Fla. 462, 196 So. 825; and Blanton v. Blanton, 1944, 154 Fla. 750, 18 So.2d 902.
The specific question now before us was not involved in the above cited cases. The principal point decided in each was that past due and unpaid alimony and support payments constitute a vested property right in those to whom due and the amount of such payments cannot be modified after becoming due.
However, two of those cases do contain statements which deserve attention. In the Van Loon case, supra, 182 So. at page 208 this Court, in considering the effect of Sec. 65.15, F.S.A., said:
"The statute operates prospectively to authorize modifications of alimony decrees as to future payments from the date of the application, to the extent authorized by valid provisions in the statute, even though the court had not expressly reserved the authority to change or modify a decree when it was rendered." (Emphasis added)
This statement indicates that a court may modify the amount of alimony payments from the date the petition requesting such relief is filed.
However, in the Blanton case, supra, this Court took a somewhat different view. In that case the husband applied for modification of the final decree as it related to child support payments. The chancellor reduced slightly only the payments to be made after the entry of the order which reduced such payments. On appeal, among other questions raised, the husband complained that the chancellor should have made the reduction in such payments effective as of the date the petition praying therefor was filed. This Court rejected that contention, saying at page 904 of 18 So.2d that
"* * * Whether the chancellor, in the exercise of judicial discretion, could rightfully have made such order retroactive is extremely doubtful under the rule laid down in the cases just cited [including Van Loon, supra], but the question of whether or not such action, if taken, would have constituted reversible error, on the facts of this case, is not before us." (Emphasis supplied)
The only other case decided by this Court in which mention of this question is made is that of Stanley v. Stanley, 1947, 158 Fla. 402, 28 So.2d 694.
In the Stanley case, supra, the wife filed a petition for an increase in payments for child support. The petition was filed on October 30, 1945. On November 5, 1945 the husband was ordered to show cause on November 21, 1945 why the petition should not be granted. On April 30, 1946, after a hearing, an order was entered increasing the child support payments effective as of November 10, 1945.
In rejecting the husband's contention that it was error to make the increase retroactive to November 10, 1945, this Court said on page 695 of 28 So.2d:
"* * * We fail to find error in the fact that the court made the effective date of the increase beginning November 10, 1945. The petition complained of conditions existing on the date it bore, and the undisputed testimony of appellee, is to the effect that her cost of supporting the two sons was then $400 per month."
The Court found justification for increasing the support under the provisions of Sec. 65.15, F.S.A.
The Stanley case, supra, is a clear holding that an order modifying a decree as to payment of support for children may be made retroactive to a date subsequent to the date of filing of the pleading praying for such modification, but prior to the date of the order of modification. The same principle applies equally to an order relating to alimony for the wife.
Argument for holding that a court may modify a decree as of the date application *75 therefor is made is expressed in Johnson v. Johnson, 1935, 46 Ariz. 535, 52 P.2d 1162, 1164, wherein the appellate court speaking of the lower court's power said:
"* * * It could not, of course, change in any way the amount of alimony that had already accrued, but the fact that the filing of the petition gave it full power over future payments means that its jurisdiction over them was neither lost nor abridged by taking the matter under advisement for the purpose of determining what change, if any, should really be made. The court's power over installments accruing after the filing of the petition was the same following their due date that it was prior thereto, and even if defendant had paid them as they became due, its power to make what in its judgment was a proper order was in no way lessened. Hence, the fact that it did not decide the matter until April 24, 1933, in no sense deprived it of jurisdiction to make an order carrying into effect its conclusion that the facts introduced at the hearing in July, 1932, called for a change in alimony from and after the filing of the petition on June 16, 1932. If the court had felt at the time of the hearing that the filing of the petition did not prevent future installments from vesting, except conditionally, it would undoubtedly have entered a temporary order relieving him from paying them until the matter should be decided, because it is clear that the defendant by filing his petition did all within his power to obtain relief from and after June 16, 1932, and he should not be held responsible for the court's delay in deciding the matter. It was something entirely beyond his control."
We further note and approve of the reasoning and holding of the court in Harris v. Harris, 1932, 259 N.Y. 334, 182 N.E. 7, a case somewhat similar to the instant case.
The wife, in Harris, supra, was granted a divorce and alimony in 1922. Subsequently, the husband inherited a large sum of money and the wife, by motion returnable on July 30, 1929, applied for an increase in her allowances. A year and a half later the court ordered an increase to commence nunc pro tunc as of July 30, 1929. The husband, on appeal, denied the right of the court to order the increase to be paid retroactively. The court, in affirming the lower court, said, at 182 N.E. 8:
"Sections 1155 and 1170 of the Civil Practice Act provide that by an order upon the application of either party, after due notice to the other, the court may vary or modify the amount of alimony at any time after final judgment. Notice was given in compliance with these sections and the matter came on to be heard on the date specified, July 30, 1929, but the court was unable to decide at that time what to do, as the material facts were in dispute. The court might have taken evidence then and there; instead, it appointed a referee, who thereafter held many hearings. Adjournments were taken with the consent, or, at the request of the husband, and the matter dragged on for over a year and a half. Apparently no objection was made by the husband, as no motion was made to discharge the referee or terminate the reference. Finally, the referee reported the facts upon which the court could and did act.
"The court had power given to it by these provisions of the Civil Practice Act to increase alimony on July 30, 1929 * * *. The taking of testimony was to establish the facts upon which the court could act with caution and with justice. So far as the power of the court is concerned, those facts are deemed to have been established as of the date when the motion was made returnable, July 30, 1929, and the order could properly take effect as of that date. Were this not so, a defendant, by repeated adjournments for one excuse or another, might delay his wife *76 in procuring for herself and his offspring the relief and help which they should have, owing to changed conditions and circumstances. The court is not bound to modify a decree either by increasing or decreasing the amount of alimony to take effect as of the date of the application, but it has the power so to do in its discretion. * * *"
The reasoning and logic used in the Johnson case and in the Harris case are sound and produce an equitable and practical means of treating one of the most vexatious types of litigation.
The rule followed in the Stanley case, by this Court, and by the courts in the Johnson and the Harris cases enable a court, in the exercise of sound judicial discretion, to protect both the husband and wife from the damage resulting from normal delay found in judicial proceedings as well as from the delays caused by the dilatory tactics of either party.
Orders which modify alimony or support payments effective as of the date of the petition or subsequent thereto but prior to the date of the order of modification are not subject to the criticism that they have retroactive effect which destroys vested rights. This is true because the modification and the whole proceeding in which it is made are referable to the date of the filing of the petition and any change effective as of that date cannot be said to be retroactive. See Adler v. Adler, 1940, 373 Ill. 361, 26 N.E.2d 504, 509, certiorari denied 311 U.S. 670, 61 S.Ct. 29, 85 L.Ed. 430; Winkel v. Winkel, 1940, 178 Md. 489, 15 A.2d 914, 918.
Nor does it matter that during the period from the filing of the wife's petition to the entry of the order increasing the alimony that the husband had paid and the wife had accepted the alimony payments required under the old order. The trial court, from and at any time after the filing of the petition, had the power to modify the payments. Payments made or received thereafter were conditional and subject to the power of the court to later determine, as it did, that they were inadequate.
We see no inequity to the husband in making the increase effective as of the date of filing of the petition in view of the determination by the chancellor, which is amply supported by the record, that the circumstances of the parties at the time of filing of the wife's petition and thereafter required that the husband contribute a larger sum for her support. He is merely required to do that which he should have done. The wife had done what the law allowed her to do to cause the husband to do so.
For the reasons above expressed we conclude that the order appealed from should be affirmed as to the increase in amount of alimony and as to the effective date of the increase.
The third and last point raised by the husband concerns the award of fees in amount of $5,000 to the wife's attorney.
Sec. 65.16, F.S.A., allows an award of attorney's fees to a divorced wife only "whenever any legal proceeding is brought for the purpose of enforcing a decree or order of the court, providing for the payment of alimony * * *."
The wife urges that the proceedings had in the trial court after the issuance of the mandate following the first appearance of this case in this Court were necessary to the implementation of this Court's mandate and therefore were in the nature of enforcement of an order providing for alimony so as to come within the confines of Sec. 65.16, F.S.A. We cannot agree.
The cause which was before the chancellor on the second trial and which is now before us is the same proceeding which the wife instituted in June 1956 by filing her petition for increase in alimony. The filing of the opinion and issuance of the mandate in the case reported in 95 So.2d 521 did not change the nature of the cause in any way. It remains an affirmative effort on the part of the wife to increase her alimony. We *77 have repeatedly held that in such cases the husband is not liable for fees for the wife's attorneys.
We have not overlooked the wife's contention that she is entitled to fees for her attorney's services in resisting appeal of two interlocutory orders to the District Court of Appeals, Third District, during the second trial. We do not determine the merits of that question. Florida Appellate Rules, rule 3.16(e), 31 F.S.A., provides that the appellate court in which the services were rendered should award such fees, if any are allowable.
The wife's attorney has served her well and long. He is entitled to a substantial fee for his services, but the husband is not obligated to pay it.
That portion of the order awarding attorney's fees must be reversed.
Affirmed in part and reversed in part.
TERRELL, C.J., and ROBERTS, DREW and THORNAL, JJ., concur.