LENZER, APPELLANT, v. LENZER, APPELLEE.

(No. 9115—Decided June 11, 1962.)

*Mr. Alton E. Purcell* and *Mr. John J. Sullivan*, for appellant.

*Mr. Harry Falk*, for appellee.

LONG, P. J. This action was commenced in the Common Pleas Court, Division of Domestic Relations, by the filing of a petition for divorce by the wife and culminated in a decree of divorce wherein it was provided, among other things, as follows: "It is further ordered that, because of plaintiff's refusal to allow visitation of defendant with his child, any and all payments which might have accrued for the support of said child be remitted * * *."

It is fundamental in the law of every state in the Union that a father is bound for the support of his minor children; this is the well established law of the state of Ohio. The defendant father in this cause had the legal remedy of contempt by means of which he could have compelled the plaintiff to permit him visitation with his child; the court could also have given him custody upon proper showing of not permitting visitations. He elected, by reason of the mother's refusal to permit

him visitation, to modify the order of the court by refusing to meet his legal obligations in that respect; this he cannot do.

This court held in *Elkind* v. *Harding*, 104 Ohio App., 322, that removal of the child from the jurisdiction without leave of court is no defense by the father to an action of the mother for judgment for delinquent payments for support. So in the case at bar, denial of visitation rights by the mother to the father does not warrant the court in remitting payments for support which have already become due.

*Judgment reversed.*

HILDEBRANT and KEEFE, JJ., concur.