469 P.2d 95

Greta S. SOLOVE, Appellant,

v.

Richard J. SOLOVE, Appellee.

No. 1 CA–CIV 974.

Court of Appeals of Arizona, Division 1, Department B.

May 18, 1970.

Rehearing Denied June 19, 1970.

Review Denied July 14, 1970.

David M. Lurie, Phoenix, for appellant.

Johnson & Shaw, by Marvin Johnson, Phoenix, for appellee.

HAIRE, Judge.

We are confronted here with the acrimonious fruits of a bitterly fought custody case wherein habeas corpus was sought to compel return to the petitioner father of the three children of the marriage from their allegedly unlawful detention by their mother, respondent and appellant herein.

The essential facts of this case appear in Solove v. Tang, 104 Ariz. 291, 451 P.2d 872 (1969), and will be summarily dealt with here. The husband and wife were divorced in Ohio in 1961. Custody of the three minor children of the marriage was the subject of protracted litigation in that state, but such custody was eventually awarded the husband. The wife subsequently took the children to Arizona in violation of the Ohio decrees. The husband, after employing investigative agencies, located his children and former wife and commenced this action. The habeas corpus proceeding resulted in an order and judgment entered September 18, 1968, granting the wife custody of the children on and after July 15, 1969, with reasonable visitation rights in the father. It further provided that the father retain custody until July 15, 1969, subject to reciprocal reasonable rights of visitation in the mother.

While several contentions were made in the briefs of the appellant wife, we were advised at oral argument that we need concern ourselves with but two questions: whether the trial court erred (1) in refusing to grant reasonable attorneys' fees to counsel for the wife, and (2) in

relieving the husband of his obligation to pay child support arrearages.

Assuming that attorneys' fees are awardable to a divorced parent in a habeas corpus proceeding brought to obtain custody of minor children (see In re O'Neil, 9 Ariz.App. 437, 453 P.2d 533 (1969)) and assuming *arguendo* that O'Neil is applicable to the facts of this case, we have reviewed the record in this matter and find no indication that the trial court abused its discretion in refusing to award such fees. Actually, the appellant's contention goes a bit deeper; counsel for the appellant wife asserts that the trial court's refusal to award attorneys' fees was not based upon the trial court's exercise of its discretion, but rather was based upon the trial court's refusal as a matter of law to consider awarding attorneys' fees in a habeas corpus action. Counsel has not designated any portion of the record, and we have found nothing therein, which would indicate that the trial court concluded that it did not have authority, in the exercise of its discretion, to award attorneys' fees. We therefore do not consider this contention further. *Cf.* Tovrea Land & Cattle Co. v. Linsenmeyer, 100 Ariz. 107, 412 P.2d 47 (1966); Lashinsky v. Hoffman, 3 Ariz.App. 44, 411 P.2d 467 (1966).

The appellant wife's other contention is based upon that part of the trial court's judgment purporting to relieve the husband from paying " * * * any claimed arrearages for support during the period in which the visitation with the children had been denied him and during the period which the whereabouts of the children have been unknown to him."

The appellant wife's right to receive child support payments originates from an Ohio decree, and in that state the amount of such payments accrued but unpaid may not be retrospectively reduced. McPherson v. McPherson, 153 Ohio St. 82, 90 N.E.2d 675 (1950). This is so even where the mother wrongfully denies visitation rights, Lenzer v. Lenzer, 115 · Ohio App. 442, 183 N.E.2d 144 (1962); or where she wrongfully takes the child from the state, Elkind v. Harding, 104 Ohio App. 322, 143 N.E.2d 752 (1957).

Arizona also recognizes the rule that the liability to pay and the right to receive child support become fixed on the date the decree provides for payment, and that courts may not retroactively alter amounts past due and owing. Adair v. Superior Court, 44 Ariz. 139, 33 P.2d 995, 94 A.L.R. 328 (1934); *cf.* Johnson v. Johnson, 46 Ariz. 535, 52 P.2d 1162 (1935); Industrial Commission v. Oden, 68 Ariz. 234, 204 P.2d 849 (1949).

Notwithstanding that she is thus entitled to receive the sum of such child support payments as are due and owing for 1966–67, the appellant wife did not sufficiently prove the *entire* amount of her claim therefor. While the weekly amount due is clear from the record ($30.00), and while it is equally easy to ascertain the date upon which the husband's liability to pay child support was terminated by the Ohio court decree (July 18, 1967), the date in 1966 when the husband improperly stopped making payments to the appellant wife cannot be accurately determined from the evidence presented. In this regard, the only pertinent evidence was the wife's assertion and the husband's admission that the husband stopped paying child support in "[l]ate fall of 1966."

While the term "fall" has been held under a variety of circumstances to be a reference to the three month period of the year which commences on the first day of September and ends on the.last day of November, see Arrington v. Blackwell, 207 Ala. 314, 92 So. 902 (1922); Clegg v. Bishop, 105 Conn. 564, 136 A. 102 (1927); Rosenau v. Lansing, 113 Or. 638, 232 P. 648, 234 P. 270 (1925); Horn v. State, 19 Ala. App. 572, 99 So. 58 (1924), a reference to a default in late fall does not constitute evidence which is sufficiently definite to enable the court to pinpoint the week within that three month period when the default actually occurred. Of course, if the default

occurred during the late fall period and continued thereafter, there can be no question but that the husband did not pay the weekly payments due in December 1966 and thereafter until the termination of the obligation in July 1967—altogether a total of thirty-two weekly payments totaling $960.00. In our opinion the evidence was sufficient to establish an obligation for accrued child support in that amount.

The order and judgment of the trial court are hereby modified to include an award of $960.00 in favor of the appellant wife for accrued child support, and as so modified, the judgment and order are affirmed.

EUBANK, P. J., and JACOBSON, J., concur.