NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

JEFFREY KIRK MANGIS,
*Petitioner/Appellant*,

*v.*

THERESA KAY ULMER,
*Respondent/Appellee*.

No. 1 CA-CV 15-0363 FC
FILED 4-21-2016

Appeal from the Superior Court in Maricopa County
FC2012-008932
The Honorable George H. Foster, Jr., Judge

**AFFIRMED**

COUNSEL

Jeffrey Kirk Mangis, Flagstaff
*Petitioner/Appellant*

Theresa Kay Ulmer, Phoenix
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

---

**S W A N N**, Judge:

**¶1**        Jeffrey Kirk Mangis ("Father") appeals from an order requiring him to pay child support arrearages in the amount of $14,644.19. He asserts that the court failed to rule on an earlier request to modify child support, resulting in substantial arrearages. He also contends that the court erred by failing to make its later modification to child support retroactive, because the circumstance requiring the modification occurred two years earlier. Finally, Father contends that the court erred in calculating Theresa Kay Ulmer's ("Mother's") income. For the reasons set forth below, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        Father and Mother divorced in 2006. They had two minor children, and Father was ordered to pay monthly child support and spousal maintenance. By 2012, Mother had moved with the children to Phoenix and moved for a change of venue from Yuma County, where the dissolution action had been filed, to Maricopa County.

**¶3**        In 2012, Mother filed a request to modify child support in Yuma County Superior Court that would have reduced the amount Father paid in support each month. In October 2012, the Yuma County court held a hearing on the motion for change of venue, noted that several motions remained pending, but ultimately granted the change of venue to Maricopa County Superior Court without addressing the pending motions. In December, Mother filed a motion in Maricopa County Superior Court to withdraw the request to modify child support. The court did not rule on that motion. After the case was transferred, Father filed several responses to Mother's motion to withdraw in Yuma County Superior Court. He ultimately filed a response in the Maricopa County court more than a year after the Yuma County court transferred venue.

**¶4**        In September 2013, Mother sought judgment for child support and medical expenses arrearages and again sought to modify child support. In November 2013, the court in Maricopa County acknowledged the

2

outstanding issues from the Yuma County court, granted Mother's outstanding motion to withdraw her petition to modify child support, and ordered Father to file a petition to modify child support within ten days if he wished to have support modified. Father failed to file such a petition within ten days; he ultimately sought to modify child support in March 2014. The court set an evidentiary hearing on the pending matters, including whether Father's objection to Mother's petition to withdraw her own 2012 petition to modify should have modified child support retroactively to 2012, eliminating most of his arrearages.

¶5    The court held the hearing on the remaining issues in May 2014 and issued a ruling in August. It ruled that Father's attempts to modify child support before his March 2014 filing did not comply with court rules and statutes, and found that he owed arrearages of $13,357.94 plus $1,286 in interest. This court dismissed Father's first appeal because an issue relating to medical expenses had not been resolved and the August 2014 ruling was therefore not a final appealable order. In April 2015, the court entered a final signed order from which Father timely appeals.

## DISCUSSION

¶6    We review a modification of a child support order for abuse of discretion. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999). A child support order may only be modified or terminated "on a showing of changed circumstances that are substantial and continuing except as to any amount that may have accrued as an arrearage before the date of notice of the motion or order to show cause to modify or terminate." A.R.S. § 25-327(A). "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision." *Little*, 193 Ariz. at 520, ¶ 6 (citation omitted).

I.    THE COURT COULD NOT ELIMINATE ARREARAGES BY APPLYING MODIFICATION RETROACTIVELY.

¶7    Modifications and terminations generally become effective on the first day of the month following notice of the petition for modification. A.R.S. § 25-327(A). The court can order the change to become effective on another date, "but not earlier than the date of filing the petition for modification or termination." *Id*. Citing A.R.S. § 25-327(A), the Arizona Supreme Court has held, "While child support orders can be modified . . . the modification cannot be made retroactive." *Lamb v. Superior Court (Prussinski)*, 127 Ariz. 400, 402 (1980). "[L]iability to pay and the right to receive child support become fixed on the date the decree provides for

payment, and [ ] courts may not retroactively alter amounts past due and owing." *Solove v. Solove*, 12 Ariz. App. 203, 205 (1970).

¶8            Father wanted the court to modify the order to make the modification retroactive to September 2012. This was not legally possible, because he filed his petition to modify in March 2014 (despite the court's invitation to file it earlier). The superior court correctly determined that Father's responses to Mother's motion to withdraw her own petition to modify did not qualify as petitions to modify. And because Mother promptly sought to withdraw her 2012 petition, the court was not required to rule on it. Mother's right to receive payments vested on the payment due dates, and the court cannot modify the amount Father was required to pay after those payments became fixed. The court properly ordered Father to pay the accumulated arrearages from 2012 to 2014.

II.        THE COURT DID NOT ABUSE ITS DISCRETION IN CALCULATING MOTHER'S INCOME.

¶9            The Child Support Guidelines define self-employment income as "gross receipts minus ordinary and necessary expenses required to produce income." A.R.S. § 25-320 app. ("Guidelines") § 5(C). In calculating gross income, "[s]easonal or fluctuating income shall be annualized." Guidelines § 5(A). At the evidentiary hearing, Mother presented an affidavit of financial information showing that her income had fluctuated over the previous two years. Father based his competing calculation of Mother's income on her profit and loss statement, but he did not provide the statement to the court. The court concluded that Father's evidence on Mother's income was "insufficient" or "not relevant," and averaged the income stated in her affidavit.

¶10            Father argues that the court's calculation of Mother's income was unfair and unsupported by the evidence. But Father did not submit a hearing transcript, and we are therefore required to assume that the evidence supports the family court's findings and conclusions. *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). Without a transcript of the hearing, we have no record of the evidence presented beyond the exhibits contained in the record. Accordingly, on this record, Father has not shown that the evidence fails to support the court's finding on Mother's income.

4

## CONCLUSION

¶11      For the foregoing reasons, we affirm the child support arrearages order.



Ruth A. Willingham · Clerk of the Court
FILED: ama