**[Cite as *In re N.W.*, 2024-Ohio-2104.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

In re N.W.                                                  Court of Appeals No.  H-23-014

Trial Court No.  DNA 2020 00101

**DECISION AND JUDGMENT**

Decided:  May 31, 2024

* * * * *

Richard H. Palau, for appellee.

W. Alex Smith, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

**{¶ 1}** Appellant L.H. ("Grandmother") appeals the Huron County Court of Common Pleas, Juvenile Division's June 26, 2023 judgment granting legal custody of N.W. ("Child") to N.C. ("Father").  For the following reasons, we affirm the trial court's judgment.

## A. Facts and Procedural Background

{¶ 2} The facts relevant to our resolution of this appeal are undisputed. On September 7, 2020, Child was born to G.W. ("Mother")[1] in Toledo, Ohio. Mother was a minor at the time of Child's birth and had previously been adjudicated a dependent child in Huron County Court of Common Pleas, Juvenile Division Case No. DNA 2019 00009. Initially, Mother intended to give Child up for adoption. Upon Child's birth, however, Mother changed her mind and asked Grandmother to help her raise Child. Upon Mother and Child's discharge from the hospital, Mother arranged for Grandmother to care for Child at her residence in Huron County, Ohio.

{¶ 3} On September 9, 2020, the Huron County Department of Job & Family Service ("Department") filed a complaint in the Huron County Court of Common Pleas, Juvenile Division, alleging that Child was a dependent child, as defined by R.C. 2151.04(C), due to Mother having been adjudicated dependent. That same day, the court ordered Child to be placed in the temporary custody of Grandmother pending adjudication. The trial court also appointed Carrie Kimmet as the guardian-ad-litem ("GAL") to represent Child's interests. At the November 12, 2020 adjudication hearing, Mother admitted the allegations in the Department's complaint and the trial court

---

[1] Mother is not a party to this appeal.

2.

determined that Child was a dependent child pursuant to R.C. 2151.04(C). Father was not present at that hearing.

{¶ 4} Grandmother filed a motion for legal custody of Child on March 8, 2021. Father initially opposed Grandmother's motion. However, at a hearing on July 6, 2022, Father consented to Grandmother's motion and the trial court granted her legal custody of Child. In its order, the trial court granted Father unsupervised visitation with Child from Thursday to Sunday every other week until Child began attending kindergarten. At that time, the visitation periods would commence on Fridays. The trial court also granted Father visitation with Child for 7 consecutive days following his second weekend visit in June, July, and August each year.

{¶ 5} On September 9, 2022, Father filed a motion asking the trial court to find Grandmother in contempt for her failure to allow him to participate in the court-ordered visitation. Specifically, Father alleged that Grandmother had not allowed him any visitation with Child after she was granted legal custody. The motion was set for hearing on December 13, 2022. That hearing was continued to January 6, 2023, at Grandmother's request. Father then filed a motion for legal custody on January 4, 2023. Following another continuance, the hearing on Father's motion for contempt and his motion for legal custody was held on February 28, 2023.

{¶ 6} At the hearing, Grandmother admitted that she had not permitted Father to visit with Child in accordance with the trial court's prior order. She attributed this denial to Child's recent autism diagnosis and Grandmother's concern that Father would not be

3.

able to care for Child. She also testified that Child had anxiety associated with being separated from Grandmother when Father attempted to pick Child up at the appointed times. As to Father's motion for legal custody, Grandmother testified that it was in Child's best interest that Father's request be denied. Father testified that it was in Child's best interest that he be granted legal custody based on Grandmother's failure to obey the trial court's order, Grandmother's alleged drug use, and Grandmother's alleged lying about Child's condition. The GAL testified that it was her opinion that the child should be placed in Father's legal custody. At the conclusion of the hearing, the trial court found Grandmother to be in contempt and stated that it would impose a written judgment, including sanctions, at a later time.[2] Grandmother requested that the parties be permitted to file written closing arguments. The trial court granted Grandmother's request and ordered her to file her closing argument within seven days, with Father's closing argument to be filed within fourteen days.

{¶ 7} Grandmother filed her written closing argument on March 7, 2023. In her argument, she conceded that either the trial court's ruling on her contempt or Child's autism diagnosis "could be a change of circumstances that materially affects the welfare of [Child]" to permit the trial court to consider a modification to its prior custody order, a predicate finding required under R.C. 2151.42(B). She argued, however, that Father

---

[2] The trial court's contempt finding is not part of the present appeal.

failed to present sufficient evidence to show that a change in custody was in Child's best interest. Father filed his closing argument on March 14, 2023. In his argument, Father reiterated his hearing testimony that he believed it was in Child's best interest that he be granted legal custody.[3]

{¶ 8} On June 23, 2023, the trial court granted Father's motion for an award of legal custody. The trial court's judgment was memorialized on June 26, 2023.

## B. Assignments of Error

{¶ 9} Grandmother timely appealed and asserts the following error for our review:

1. The trial court abused its discretion by granting [F]ather's motion for custody in violation of R.C. 2151.42.

## II. Law and Analysis

{¶ 10} In her single assignment of error, Grandmother alleges that the trial court abused its discretion in granting Father's motion for legal custody. Specifically, Grandmother argues that R.C. 2151.42 requires that there be a change in either Child or Grandmother's circumstances before the trial court could consider whether it was in Child's best interest to modify its prior grant of legal custody to Grandmother. She argues that the only potential change in circumstances was her failure to comply with the court's order regarding visitation, but that her contempt "does not meet the requirements

---

[3] The Department and the GAL each filed closing arguments related to the Child's best interests in determining custody. Because appellant's argument on appeal does not challenge the trial court's best interest determination, we omit a summary of their respective positions.

of a change in circumstances." Instead, she argues, "the correct action would have been to grant the contempt motion and admonish [Grandmother]." By granting Father's motion, she concludes, the trial court elected an "extreme remedy [for her contempt] that rose to the level of abuse of discretion."

{¶ 11} Grandmother correctly notes that we review a trial court's modification of a prior order granting legal custody of a minor for an abuse of discretion. *In re. E.H.*, 2016-Ohio-8170, ¶ 15 (6th Dist.). However, when a party raises an argument for the first time on appeal, they waive all but plain error review. *In re. A.G. and J.G.*, 2004-Ohio-5665, ¶ 6 (6th Dist.). Here, not only did Grandmother *not* argue at trial that her being in contempt of the trial court's prior custody order did not constitute a change of circumstances that would permit modification of its prior order, she expressly identified her contempt as one of *two* changes of circumstances[4] that permitted the trial court to consider Child's best interest to resolve Father's motion for legal custody. Now, on appeal, she argues that no such change of circumstances occurred. By conceding this point at trial, she has waived this argument and is barred from raising it for the first time in this appeal. Therefore, our review is limited to determining whether the trial court committed plain error in granting Father's motion. *Id.*

{¶ 12} "Plain errors or defects affecting substantial rights may be noticed although the were not brought to the attention of the court." *Id.* at ¶ 7. Plain error is only found in

---

[4] Grandmother also identified Child's autism diagnosis as a change in circumstances.

6.

"extremely rare civil cases 'where exceptional circumstances require its application to prevent a manifest miscarriage of justice and, where the error complained of, if left uncorrected, would have a material adverse effect on the character and public confidence in judicial proceedings." *Id.,* citing *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 119-120 (1997). "It is well-established that interference with the noncustodial parent's visitation rights may constitute a change of circumstances warranting a change of custody." *Jackson v. Herron,* 2005-Ohio-4046, ¶ 26 (11th Dist.), citing *In re. Seitz,* 2003-Ohio-5218, ¶ 39 (11th Dist.) and *Hinton v. Hintton,* 2003-Ohio-2785, ¶ 13 (4th Dist.); *See also Holm v. Smilowitz,* 83 Ohio App.3d 757, (4th Dis.1992), citing *Lenzer v. Lenzer*, 115 Ohio App. 442 (1st Dist. 1962). As it is "well-established" that Grandmother's interference with Father's visitation rights may constitute a change in circumstances as described in R.C. 2151.42 for the modification of a legal custody order, we cannot say that the trial court reaching this conclusion constitutes a manifest miscarriage of justice. Therefore, the trial court did not commit plain error in granting Father's motion and Grandmother's single assignment of error is found not well-taken.

7.

### III. Conclusion

{¶ 13} For the foregoing reasons, we find Grandmother's assignment of error not well-taken and we affirm the Huron County Court of Common Pleas, Juvenile Division's June 26, 2023 judgment granting Father legal custody.

{¶ 14} Grandmother is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.       _____

                                          JUDGE

Gene A. Zmuda, J.

                                _____

Charles E. Sulek, J.                         JUDGE
CONCUR.

                                _____

                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.