# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-1793
Lower Tribunal No. 2015-DR-012808-O

_____

CLARENCE GARWOOD,

Appellant,

v.

JESSICA GARWOOD k/n/a JESSICA WYATT,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Michael Kraynick, Judge.

April 25, 2025

TRAVER, C.J.

Clarence Garwood ("Former Husband") appeals the trial court's amended second supplemental final judgment of dissolution of marriage. We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). While our review of this matter is impaired by a missing trial transcript, computation errors appear on the judgment's face. We reverse to correct these mathematical errors, but we otherwise affirm. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly

resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory.").

The parties married in 2012 and divorced in 2015. They have two children, and the original judgment ordered Former Husband to make monthly child support payments. In 2017, Jessica Garwood, n/k/a Jessica Wyatt ("Former Wife"), filed a supplemental petition to modify the final judgment, alleging that Former Husband was not exercising his timesharing. In 2018, following a trial, the trial court entered a supplemental final judgment that increased Former Husband's monthly child support obligation.

In January 2020, Former Wife moved to enforce the supplemental final judgment's child support provisions. The trial court found that Former Husband willfully violated the supplemental final judgment by not paying child support, and it held him in contempt. It determined Former Husband's child support arrearages as of the end of May 2020 and imposed a new monthly repayment obligation. In June 2020, Former Husband filed a supplemental petition to modify the supplemental final judgment. He asked for increased timesharing and claimed a lower net income. He thus sought to reduce his child support obligations. In December 2022, the case went to trial.

The trial court later entered a comprehensive, fifty-page second supplemental final judgment, containing detailed factual findings and legal conclusions. These

2

included Former Husband's new child support obligations, retroactively calculated to the filing date of his supplemental petition,[1] as well as the total amount of child support arrears he owed since the parties' divorce. To determine Former Husband's retroactive child support obligations, the trial court assessed four different time periods during which the parties' incomes changed. These periods spanned June 2020 through December 2022—the two and a half years from the date Former Husband filed his supplemental petition through trial.

In calculating Former Husband's retroactive child support obligations, the trial court properly used the parties' net monthly incomes for the four periods at issue and correctly applied the appropriate statutory formula to obtain Former Husband's minimum support obligation. *See* § 61.30(6)–(10), Fla. Stat. (2022).[2] But the trial court made computation errors affecting each period. For the first two periods, the trial court took an extra step that the law does not permit. It subtracted Former

---

[1] This is how trial courts typically exercise their discretion to determine the starting date for retroactive support payments, although section 61.30(11)(c) provides an exception. *See Coriat v. Coriat*, 306 So. 3d 356, 358–59 (Fla. 3d DCA 2020); *see also McArthur v. McArthur*, 106 So. 2d 73, 76 (Fla. 1958) ("We see no inequity to the husband in making the [support payment] increase effective as of the date of filing of the petition in view of the determination by the chancellor, which is amply supported by the record . . . .").

[2] The trial court did not adjust Former Husband's minimum obligation further because it did not award him a "substantial amount of time" with his children. *See* § 61.30(11)(b)8.

Husband's minimum child support obligation from Former Wife's and identified the resulting difference as Former Husband's required monthly child support payment. It then multiplied that result by the months at issue to reach Former Husband's retroactive support obligations for the first two periods. Because Former Wife earned substantially more per month in net income than Former Husband during the first two periods, this error resulted in Former Husband owing as much or more in child support per month than his net monthly income.[3] For the last two periods, the trial court did not take this extra step and thus calculated Former Husband's monthly support obligation correctly. But when it multiplied those sums by the relevant months, it miscalculated, so the final number was either too high or too low.

In calculating Former Husband's total child support arrearages, the trial court needed to determine what Former Husband owed before he filed his supplemental petition in June 2020. But the trial court did not use its May 2020 arrearages determination, which it calculated the month before this occurred, as a starting point. Instead, it relied on a trial clerk's arrearages affidavit from January 2022. The trial

---

[3] For example, in the June 2020 to December 2020 period, the trial court used the proper statutory procedure to conclude that Former Husband's minimum child support obligation was $344.43, and Former Wife's minimum support obligation was $1,665.57. But instead of imposing the proper monthly support obligation of $344.43, the trial court ordered Former Husband to pay $1,321.14 per month (the difference between $1,665.57 and $344.43) at a time when his net income was $1,329.76.

court added the amount in that affidavit to Former Husband's miscalculated retroactive child support obligations from June 2020 to December 2022. This compounded the trial court's first error by double counting child support from June 2020, when Former Husband filed his supplemental petition, to January 2022, the date of the trial clerk's arrearages affidavit. Moreover, the trial clerk's arrearages affidavit set Former Husband's monthly child support obligation at the higher amount set in the 2018 supplemental final judgment, and not the lower monthly amounts now awarded in the second supplemental final judgment.

Former Husband moved for rehearing, challenging the trial court's arrearages calculations. The trial court denied the motion, but it corrected some scrivener's errors and issued the amended second supplemental final judgment, from which Former Husband appeals.

"A child support determination is within the sound discretion of the trial court, subject to the statutory guidelines and the reasonableness test. However, whether a trial court's mathematical computations are correct is a question of law which is reviewed de novo." *Delosreyes v. Delosreyes*, 392 So. 3d 128, 130 (Fla. 4th DCA 2024) (quoting *King v. King*, 320 So. 3d 766, 767 (Fla. 4th DCA 2021) (internal citations, quotations, and brackets omitted)).

Former Wife does not challenge Former Husband's arguments over the trial court's mathematical errors; she just insists that he has not preserved these issues for

our review.  This is incorrect.  Even though we lack a trial transcript, we may address the computational errors because they appear on the amended second supplemental final judgment's face.  *See Univ. Prop. & Cas. Ins. v. True Builders*, 398 So. 3d 1120, 1123 (Fla. 6th DCA 2024) (citing *Applegate*, 377 So. 2d at 1152).  While a party challenging a trial court's failure to make a required factual finding in a final judgment must file a motion for rehearing to preserve the matter for appellate review, we do not face this situation.  *See* Fla. Fam. L. R. P. 12.530(a).  Rather, we address incorrect mathematical computations resulting in facial errors.   And Former Husband challenged the trial court's arrearages calculations in his motion for rehearing.

We reverse and remand for the trial court to correct Former Husband's retroactive child support obligations from June 2020 to December 2022, using the formula delineated in section 61.30.  We also remand for the trial court to correct Former Husband's total child support arrearages.   An evidentiary hearing is unnecessary.  We otherwise affirm.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

STARGEL and WOZNIAK, JJ., concur.

Megan L. Garcia, of Megan L. Garcia Law, PLLC, Windermere, for Appellant.

Melisa Medina, of Medina & Ritter, PLLC, Altamonte Springs, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED