237 P.2d 1009

In re HUGHES.

No. 5423.

Supreme Court of Arizona.

Dec. 3, 1951.

Gibbons & Kinney, of Phoenix, for petitioner.

Shimmel, Hill & Hill and Harry Cavanagh, of Phoenix, for respondent.

STANFORD, Justice.

The subject of this action, Barbara Lynn Hughes, is the child of Samuel B. Hughes and Ruby A. Hughes, formerly residents of San Diego, California. She is now about eight years of age.

On August 11, 1949, the father, Samuel B. Hughes, obtained a divorce from Ruby in San Diego county, California, and the care and custody of the child was awarded him, with the court retaining jurisdiction to review the matter and make such further orders as the welfare of the child might require.

In January of 1950 the father obtained a modification of the divorce decree, whereby the California court permitted him to remove Barbara Lynn to Arizona, and thereafter he and the girl came to Phoenix to make their home.

Ruby, the mother, who had become a resident of Texas, returned to San Diego and on August 17, 1950 appeared before the California court and asked for a further modification of the decree, giving custody of the child to her. Neither the father nor Bargara Lynn were personally before the California court at the time of the hearing; they remained in Arizona. Following the hearing, on August 17th, the California court made its "Order Modifying the Interlocutory Judgment of Divorce and Final Judgment of Divorce", purportedly granting the petition of Ruby Hughes for the custody of the child, and on the 19th day

of that month, she instituted habeas corpus proceedings in the superior court of Maricopa county, Arizona, based on the California decree as modified, to gain the care and custody of the child. After the hearing on September 13, 1950, the father and Barbara Lynn both appearing, the superior court made the following disposition of the case: "The prayer of the petitioner asking the Court to dispose of the custody of the minor child and directing that the child be awarded to the petitioner is denied. Now, I trust that the parties will arrange some way that this lady be given some means of showing her affection and attention on the child in some fashion. There will be an order releasing the child to the father." From the order of the lower court, awarding the custody of Barbara Lynn to the father, the mother has brought this appeal.

Petitioner Ruby Hughes bases her argument on three assignments of error: (1) That the lower court erred in denying the prayer in the petition for custody of the child in light of the California decree as modified granting such custody, and in light of the full faith and credit clause of the United States constitution, art. 4, § 1; (2) that the court erred in admitting evidence of petitioner's mental illness prior to the date of the California order; and (3) that the court erred in admitting evidence concerning the father's lack of representation at the hearing before the California court.

In bringing this appeal, petitioner relies solely on the last modification of the decree made by the California court and maintains that it should be given full faith and credit. In order that such a decree be entitled to full faith and credit, it is a prime requisite that the court making the decree have jurisdiction to make such a decree. From 50 C.J.S., Judgments, § 893(a), we quote:

"If the court which rendered a judgment or decree had no jurisdiction of the person of defendant, or of the subject matter of the action, the judgment, being therefore a mere nullity, considered supra § 18, is for that reason not entitled to recognition or enforcement in another state, and consequently, as considered supra § 868, cannot be made the basis on which to found an action, on such judgment in another state. This is also true where, although jurisdiction originally attached, it was definitely lost before the rendition of the judgment and not restored. This rule is in no way modified by the full faith and credit clause of the federal Constitution and the act of congress passed in pursuance thereof; they apply only where the court rendering the judgment had jurisdiction.

"It follows that, where the record shows on its face that the court rendering the judgment had no jurisdiction, there can be no recognition of the judgment in another state.

"It has been broadly declared that the judgment of a court of a sister state is al-

100

ways open to inquiry as to the jurisdiction of the court rendering it, and that such inquiry is not precluded by the full faith and credit clause of the federal Constitution or the act of congress passed in pursuance thereof, * * *."

And from Beale's The Conflict of Laws, section 74.3, we quote: "A judgment rendered against a defendant over whom the court has no jurisdiction on any ground is void. It may be attacked collaterally as well as directly. A court of equity may enjoin the execution of the judgment. No action lies upon it either in the state wherein it is rendered or in any other state. It cannot be set up as a bar in an action brought in the same or in another state upon the original cause of action. If such a judgment is rendered by one of the States of the United States, no other State is bound to give it faith and credit. The enforcement and even the rendition of such a judgment involves a violation of the due-process clause of the Fourteenth Amendment to the Constitution of the United States."

Therefore, the full faith and credit to which the California decree is entitled is dependent upon whether that court had jurisdiction of the subject matter. It is undisputed that at the time the decree was modified the father and Barbara Lynn were domiciled in Arizona, having moved here in January of that year, with the declared intention of permanently residing here. "The minor child's domicil, in the case of divorce or judicial separation of its parents, is that of the parent to whose custody it has been legally given; * * *" Restatement of Conflicts, section 32. See also In re Webb's Adoption, 65 Ariz. 176, 177 P.2d 222. While the father contends that the California attorney who purportedly represented him at this last hearing did so without authorization, it is clear and undisputed that Barbara Lynn was not before the court nor even within the jurisdiction of the court at the time of rendition. From Restatement of Conflicts, section 117, we quote: "A state can exercise through its courts jurisdiction to determine the custody of children or to create the status of guardian of the person *only if the domicil of the person placed under custody or guardianship is within the state.*" (Emphasis supplied.) See also Griffin v. Griffin, 95 Or. 78, 187 P. 598; and Duryea v. Duryea, 46 Idaho 512, 269 P. 987.

In view of the facts in this case showing clearly that Barbara Lynn was not only physically outside the state of California but also legally domiciled in the state of Arizona at the time the above mentioned decree was modified, we hold that the modification is void and without force and effect. At the time of the hearing, in the lower court, the original California decree awarding custody of Barbara Lynn to her father, Samuel, was still valid and binding upon the parties, and respondent Samuel had rightful custody of Barbara Lynn. Therefore, in order to gain custody of Bar-

bara Lynn it was necessary that petitioner Ruby show affirmatively that the decree should be modified, and there being no showing to that effect we affirm the ruling of the lower court granting respondent Samuel permission to retain custody of Barbara Lynn. This opinion is not to be interpreted however so as to prejudice the right of the petitioner, on a showing of a changed condition, to procure, at any future time, a modification of the decree relating to custody of such child.

Judgment affirmed.

UDALL, C. J., and PHELPS, DE CONCINI and LA PRADE, JJ., concur.