455 P.2d 463

Charlotte M. JOHNSON, Appellant,

v.

Robert J. JOHNSON, Appellee.

No. 2 CA–CIV 626.

Court of Appeals of Arizona.

June 16, 1969.

Rehearing Denied July 3, 1969.
Review Granted Sept. 30, 1969.

James H. Garcia and Raymond Huff-stetter, Phoenix, for appellant.

Price, Tinney & Lindberg, by John Price, Tucson, for appellee.

KRUCKER, Judge.

Appellant-plaintiff, Charlotte M. Johnson, was granted an absolute divorce from appellee-defendant, Robert J. Johnson, on

November 4, 1963. She was awarded custody of their minor son, Alan, with visitation rights in the husband, child support and alimony. On November 16, 1965, the decree was amended, permitting plaintiff to remove the child from the state. Defendant was given the right to receive regular reports on his son's medical and educational progress and to suspend alimony payments upon filing an affidavit of plaintiff's non-compliance with the decree.

Four such affidavits were filed, March, 1966, July, 1966, January, 1967, and September, 1967, alleging that the wife failed to allow visitation and was irregular in reporting on the child's progress. Finally, in May, 1968, defendant applied for an order to show cause why alimony should not be permanently terminated from March, 1966. He also filed a petition for a writ of habeas corpus to require plaintiff to produce the child. Mother and child, domiciled in California, were served by registered mail but failed to appear. Therefore, on June 6, 1968, the court ordered custody changed from the wife to the husband, relieved defendant of the obligation to pay child support and terminated alimony from March, 1966. Plaintiff was found in contempt, sentenced to 90 days in the county jail, and a warrant was issued for her arrest. She now appeals from this June-amended decree.

We believe the following issues are dispositive of this appeal.

DOES A COURT HAVE JURISDICTION TO MODIFY CHILD CUSTODY IN A DIVORCE CASE WHEN NEITHER CHILD NOR MOTHER ARE PERSONALLY SERVED WITHIN THE JURISDICTION NOR WERE BEFORE THE COURT?

This precise question has never been decided in Arizona. The majority rule, as stated in 27B C.J.S. Divorce § 317(1)c is as follows:

"Under most authorities, removal of the child from the jurisdiction does not affect the power of the court to modify its decree as to custody."

24 Am.Jur.2d Divorce and Separation § 813; Forslund v. Forslund, 225 Cal.App.2d 476, 37 Cal.Rptr. 489 (1964). *See also,* Corkill v. Cloninger, (Montana, filed 5–20–69).

In Arizona, however, the question is not simply one of following the majority rule. In In re Hughes, 73 Ariz. 97, 237 P.2d 1009 (1951), the Arizona Supreme Court held that a California court issuing a divorce decree could not modify its decree as to custody after the child had become a domiciliary of Arizona because the California court no longer had "jurisdiction over the subject matter." 73 Ariz., at 100, 237 P.2d 1009. The court looked to § 117 of the Restatement of Conflicts and quoted it as being dispositive:

"A state can exercise through its courts jurisdiction to determine the custody of children or to create the status of guardian of the person *only if the domicil of the person placed under custody or guardianship is within the state.* (Emphasis supplied)." 73 Ariz., at 100, 237 P.2d, at 1011.

We do not believe that the question of local jurisdiction to modify custody and the question of modification jurisdiction for the purposes of full faith and credit differ. Applying *Hughes* to the instant case then, jurisdiction to alter custody exists in Arizona under the original divorce decree only if the domicil of the child remains in the state. At the time of *Hughes* there was substantial support for this position. Annot., 4 A.L.R.2d 7 § 17.

Since *Hughes,* however, the majority view as to this question has shifted to the contrary, as the initial statement indicates. At least one court has specifically overruled itself on the precise question. Bohn v. Rhoades, 121 So.2d 777 (Fla., 1960), overruled Dorman v. Friendly, 146 Fla. 732, 1 So.2d 734 (1941).

In Arizona, we believe that subsequent Supreme Court decisions have impliedly overruled *Hughes* on both the question of full faith and credit and the jurisdiction of Arizona courts in custody modifications.

Genda v. Superior Court, *infra*; In re Guardianship of Rodgers, *infra*.

In Bekins v. Huish, 1 Ariz.App. 258, 401 P.2d 743 (1965), this court set forth the modern standard for in personam jurisdiction, as expressed in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945). We applied the "minimum contacts" rule rather than the territorial limits rule.

In A. Ehrenzweig, Jurisdiction in a Nutshell, the author states that the former categories of "continuing jurisdiction" and "long arm statute jurisdiction" have been combined into the new formula of *International Shoe*. He points out that under older principles child custody proceedings were "in rem" proceedings requiring the child's presence. The author concludes, however, that the requirement of the child's presence in a state for custody matters for the purposes of full faith and credit, May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L. Ed. 1221, and In re Hughes, supra, should not be extended for purposes of local jurisdiction. The better rule, says Ehrenzweig, is that when two or more states have concurrent jurisdiction the state with the more substantial interest in the child's welfare should be allowed to settle the matter. In this case, the mother had submitted herself to the Arizona courts for the original divorce and the family had been long-time residents of Arizona.

In Genda v. Superior Court, County of Pima, 103 Ariz. 240, 439 P.2d 811 (1968), the Supreme Court held that the superior court had jurisdiction to modify an Arizona divorce decree so as to provide for a mentally retarded son beyond the age of twenty-

one years, even though both parties and child had become domiciliaries of Indiana. There was no discussion or challenge before the court that the domicile of the parties in any way affected the court's continuing jurisdiction to modify support payments under A.R.S. § 25–321.[1] Although custody and child support questions are different, we do not believe the jurisdictional requirements to decide them are different under the statute.

Also, in In re Guardianship of Rodgers, 100 Ariz. 269, 413 P.2d 744 (1966), a Texas divorce decree had awarded custody to the mother with three months summer custody to the father. When the child was in the father's custody in Texas, he obtained a change of custody in the Texas court. At the time of the filing of the change order, the child was physically in Texas, but the mother and child returned to Arizona where they had become domiciled, before the court's modification was made final. The father then instituted habeas corpus proceedings in Gila superior court to enforce the Texas custody modification. The Arizona Supreme Court held that the Texas modification was entitled to full faith and credit, 100 Ariz., at 273, 413 P.2d 744, without discussing the problem of the child's domicile.[2] We believe *Rodgers* implicitly holds that the domicile of the child is not a critical factor in a proceeding to modify a divorce decree as to child custody in the state of the original decree.

In short, it is our view that these subsequent decisions of our Supreme Court have impliedly superseded the *Hughes* decision and bring Arizona within the majority view under our continuing jurisdiction stat-

1. The only jurisdictional challenge in the case was that the age of the son terminated the court's power to award support. This was rejected. There was no challenge to the court's subject matter jurisdiction, although no new action was instituted and the father did not consent to appear in the old action and he was not personally served in Arizona but was personally bound by the judgment rendered. Although the Court relied upon the property settlement agreement of the parents to aid its determination, it is clear that parties cannot contract or stipulate so as to create subject matter jurisdiction. Jasper v. Batt, 76 Ariz. 328, 264 P.2d 409 (1953). The court's jurisdiction must have derived from A.R.S. § 25–321.

2. There is a split of authority as to whether a child has a split domicile when there is split custody. Annot., 13 A.L.R.2d 306 § 7, Allen v. Allen, 200 Or. 678, 268 P.2d 358 (1954); Goldsmith v. Salkey, 115 S.W.2d 778 (Tex.Civ.App.1937).

ute. A.R.S. § 25–321. An Arizona court has continuing jurisdiction over custody and child support matters even when the parties have left the state and established new domiciles, provided they had adequate notice of the proceedings. The parent entitled to custody cannot be allowed to frustrate the purpose of this statute simply by moving outside the state.

## DOES THE COURT HAVE JURISDICTION TO CANCEL ALIMONY ALREADY ACCRUED?[3]

A.R.S. § 25–321 also gives Arizona courts continuing jurisdiction to modify alimony payments. However, our Supreme Court has also chosen to follow the general rule that there is no power to modify the alimony payments if they are accrued past due installments. McClanahan v. Hawkins, 90 Ariz. 139, 367 P.2d 196 (1961); Crook v. Crook, 80 Ariz. 275, 296 P.2d 951, 58 A.L.R.2d 352 (1956); Johnson v. Johnson, 46 Ariz. 535, 52 P.2d 1162 (1935); Adair v. Superior Court for State of Arizona in and for Maricopa County et al., 44 Ariz. 139, 33 P.2d 995, 94 A.L.R. 328 (1934).

The interesting question in this case is whether the alimony payments from March, 1966 to June 1968, which were terminated by court order, had become "past due installments." The November, 1965, modification had given the husband authority to suspend alimony on the filing of an affidavit that the wife had failed to comply with the decree. This he did, four times, beginning in March, 1966, and thus he "suspended" all further alimony until the court action officially terminated them in June, 1968. Plaintiff alleges that the trial court could not delegate this power to terminate the alimony to a party, the husband, and that the attempt is void.

■ We have found no cases covering such a conditional payment suspension, but

believe the trial court action in this case was proper. The Arizona Supreme Court, in *Adair*, supra, set forth the general principles behind the prohibition against terminating accrued alimony. Installments due are fixed by court decree and become vested when due. The court cannot alter upward nor downward the amounts past due and owing. However, in this case the trial court did not delegate its power to terminate payments. It still required that the court hear the matter and decide in open court whether in fact suspension should become permanent. The parties could contest the matter at that time. We see no fatal distinction between permitting suspension of alimony upon the filing of such an affidavit, and the suspending effect that is universally accorded to the filing of a petition to amend. Johnson v. Johnson, 46 Ariz. 535, 52 P.2d 1162 (1935). In both instances, we believe the finality of the accruing judgments for support is rightfully suspended until the court has finally passed upon the dispute.

## IS A CONTEMPT ORDER APPEALABLE?

■ In Herzog v. Reinhardt, 2 Ariz.App. 103, 406 P.2d 738 (1965), this court held that under Arizona law, in an appeal from an order modifying a divorce decree and holding a party in contempt, the order covering the contempt was not an appealable order and that only that part of the decree going to modification, to wit, distributing certain personalty, was appealable. Consequently, plaintiff cannot challenge the contempt adjudication in this appeal. Her remedy is certiorari or, if imprisoned, habeas corpus. *Herzog,* supra.

Judgment affirmed.

MOLLOY, C. J., and HATHAWAY, J., concur.

---

3. Plaintiff did not challenge the right of the court to terminate alimony because visitation and report provisions were violated. There is some authority that such considerations have no relevance to the wife's right and need for support. *Cf.,* Reardon v. Reardon, 3 Ariz.App. 475, 415 P.2d 571 (1966); Double v. Double, 248 Cal.App.2d 650, 56 Cal.Rptr. 687 (1967); Annot., 6 A.L.R.2d 859