481 P.2d 296

In the Matter of the Habeas Corpus of Sadie Ellen WISE, Minor.

Judi Darlene WISE, aka Judi Darlene Morrow, Appellant,

v.

Jay Maurice WISE, Appellee.

No. 2 CA–CIV 908.

Court of Appeals of Arizona, Division 2.

Feb. 26, 1971.

Rehearing Denied March 23, 1971.

Review Denied April 13, 1971.

Soble & Cole, P. C. by Joseph H. Soble, Tucson, for appellant.

William Berlat, Tucson, for appellee.

HATHAWAY, Judge.

Appellant and appellee were divorced in Marion County, Oregon on June 10, 1964, with custody of their daughter (age 3 years) being awarded to appellant-wife with visitation rights granted to appellee-husband. In November, 1964, appellee took the child without court order or consent of the mother and left the state for the reasons that he thought the child was not being provided with an adequate continuous home. Appellee was remarried in Mississippi in 1965 and lived with his new wife and daughter in Alabama until 1967. Since 1967 he and his family have resided in Tucson. There is evidence that appellant attempted to locate appellee and the child in the 5½ years between the taking of the child and the filing of this action of habeas corpus. Appellant has also remarried and now lives in the State of Washington.

In the habeas corpus action which was held before a Special Court Commissioner, appellant contended she was entitled to lawful custody of the child by reason of the Oregon decree and that the husband

had illegally taken the child. The Special Commissioner denied all relief deciding that it was in the best interests of the child for her custody to remain with the father. Appellant argues this was error in that it allows a parent to illegally take a child from its domicile and circumvent the legal process of the state where the divorce decree awarding custody was granted.

Appellant's argument is based primarily upon Brown v. Brown, 105 Ariz. 273, 463 P.2d 71 (1969) in which the Arizona Supreme Court held that Arizona courts did not gain jurisdiction to amend a custody award when one parent abducted a child from the legal custody of the other parent, who resided in another state, and brought the child to Arizona. The facts of this case do not fall within the *Brown* ruling since in *Brown* it was the abducting parent who tried to invoke the jurisdiction of the Arizona courts by bringing the child here whereas in the present case it is not the abducting parent who is trying to invoke the jurisdiction of Arizona's courts but the parent from whose legal custody the child was taken.

. In re Guardianship of Rodgers, 100 Ariz. 269, 413 P.2d 744 (1966) is controlling. In that case both parents obtained a divorce in Texas with custody of the child going to the mother 9 months and the father 3 months of each year. The father filed an action in Texas to get full custody of the child. The father was awarded temporary custody and the mother enjoined from interfering with it until the father's action was settled. Before the father's action came to trial, the mother brought the child to Arizona. In the Texas hearing the father was granted full custody and brought the decree to Arizona asking through a writ of habeas corpus that it be enforced. The Superior Court of Gila County granted custody to the mother determining that it was in the best interests of the child. This Court of Appeals reversed that determination in 2 Ariz.App. 51, 406 P.2d 253 (1965) on the grounds that the Texas judgment was res judicata. Our supreme court in Rodgers,

supra, reinstated the superior court's decision.

In Rodgers, supra, the supreme court classified a foreign custody decree as by its nature lacking the permanence and finality needed for strictly invoking the full faith and credit clause and that strictly following the full faith and credit rule would subvert the best interests and welfare of the child. Rodgers, supra, does preclude our courts from looking into facts and circumstances that existed prior to the foreign decree and allows the court to examine only those circumstances at the time the habeas corpus proceeding is brought.

A change of custody may be granted when changed circumstances or facts show that such a change best serves the interests and general welfare of the child. Rodgers, supra; Galbraith v. Galbraith, 88 Ariz. 358, 356 P.2d 1023 (1960); Clifford v. Woodford, 83 Ariz. 257, 320 P.2d 452 (1957). The trial court has broad latitude in determining whether there has been a change that serves the best interests and general welfare of the child, Rodgers, supra; Andro v. Andro, 97 Ariz. 302, 400 P.2d 105 (1965). We cannot say that the commissioner in this case abused his discretion. The child has been with appellee and away from appellant for 5½ years. There was evidence that the child is happy and emotionally stable, regards appellee's wife as her mother, gets along well with her 9 year old step-sister, has very little recollection of her real mother and no special feeling for her, and has bad memories of being with her grandmother on her real mother's side. A psychiatrist also testified that taking the child from the father and giving her to the mother now could easily cause emotional and mental problems and retard development in these areas.

As to appellant's argument that this encourages illegal activity by unhappy parents, we refer to a quote from Rodgers, supra, 100 Ariz. 276, 413 P.2d 749:

"As to these facts we are disposed towards following the approach of the

State of California wherein it is said that while an act of misconduct or malfeasance should be related to the fitness of a parent to be a suitable custodian, such does not, as an absolute rule, prohibit a court from reexamining a sister state custody decree. In re Walker, 228 Cal.App.2d 217, 39 Cal.Rptr. 243. We believe when such conduct as defying a sister state custody decree occurs the trial judge must delicately weigh that factor with all other evidence before him in properly exercising his discretion. Any other holding would punish innocent children for the wrongs committed by their parents and would prevent the inquiry to be made by the trial judge in determining where the best interest and welfare of the child lie."

Judgment affirmed.

KRUCKER, C. J., and HOWARD, J., concur.