500 P.2d 1159

Charlotte R. DEATRICK, Petitioner,

v.

Lawrence W. GALLIGAN, Judge of the Superior Court in and for the County of Pima; The Hon. Ben C. BIRDSALL, presiding Judge of the Superior Court of Pima County, and Claude R. DEATRICK, real party in Interest, Respondents.

No. 2 CA-CIV 1291.

Court of Appeals of Arizona, Division 2.

Sept. 20, 1972.

Rehearing Denied Oct. 11, 1972.

Review Denied Nov. 21, 1972.

Russo, Cox & Dickerson, P. C., by Jerold A. Cartin, Tucson, for petitioner.

John W. Ross, Jr., Tucson, for real party in interest.

HOWARD, Judge.

In this special action petitioner questions the authority of the respondent court in overruling her objections to a return on a writ of habeas corpus and setting a date for a hearing of change of custody.

Petitioner, the former wife of respondent, is a resident of the State of Michigan. In 1965, by virtue of a judgment of divorce entered in the Circuit Court for the County of Leelanau, State of Michigan, petitioner was awarded custody of the three minor children of the parties. At present their ages are 15, 13 and 11.

Respondent, the real party in interest, is a resident of Tucson, Pima County, Arizona. Pursuant to the provisions of the said divorce judgment, the children were sent from Michigan to visit with respondent on July 2, 1972. When respondent failed to return said children to the State of Michigan at the end of their summer visitation, petitioner came into this jurisdiction and filed a writ of habeas corpus asking that the respondent return the minor children to her.

Respondent's return to the writ of habeas corpus requested a hearing regarding the custody of said children alleging a change of circumstances that presently surround and affect their present mental and physical health, welfare and well-being and that ". . . it would be in their best interest that a change of custody be made to that of the Defendant, and extremely detrimental to the children to be returned to the Plaintiff." The petition further alleged that on a full hearing the respondent would show that "(1) . . . the children will have a better home and home life. (2) That the children will enjoy better school facilities and attitudes. (3) That the children's health has improved, and their mental, and physical status has been and will be bettered by their remaining here. (4) That the children desire to remain here, and are of an age to ascertain their own custodian and guardian."

In Johnson v. Johnson, 105 Ariz. 233, 462 P.2d 782 (1969) and Brown v. Brown, 105 Ariz. 273, 463 P.2d 71 (1969), it was made clear that the superior court of this state exceeds its jurisdiction when it attempts to change custody of a child who is domiciled in another state. In Brown v. Brown, supra, the court indicated that there may be exceptional circumstances affecting the best interests of the child which may authorize the courts of this state to change custody of a child domiciled in another state, but those instances are the rare exceptions and not the rule. In the case of In re Wise, 14 Ariz.App. 125, 481 P.2d 296 (1971), this court upheld the action of the trial court in a change of custody case notwithstanding the child had been illegally taken from its domicile. The unusual circumstances of that case are not present in the case *sub judice*. In *Wise,* supra, the child had been living with the father who had illegally taken and kept her for five and a half years, was only three years of age when taken from the mother, had very little recollection of her real mother and, according to a psychiatrist, could have been emotionally and mentally damaged if she were to have been peremptorily uprooted from the State of Arizona and taken to live with a woman who, to all intents and purposes, was a stranger to her.

The allegations set forth by respondent in his return to the writ of habeas corpus do not place the circumstances of this case within the Brown v. Brown exceptions to the general rule. Petitioner in this case has custody of the children pursuant to a valid and subsisting judgment of the State of Michigan. The children have always lived in the State of Michigan and the only contact with this state has been through the exercise of respondent's visitation rights. Were Arizona courts to condone the procedures utilized by respondent in this case, domiciliaries of other states would be reluctant to allow minor children to come to this state for visitation with a parent lest they be faced with the expense of coming to this state and hiring an attorney to battle a custody suit. We cannot countenance such an unjust result.

Respondent's remedies lie in the State of Michigan.

Relief is granted, the order of the court awarding temporary custody of the minor children to respondent is set aside and the trial court is instructed to grant the writ and such other relief as may be proper.

KRUCKER, C. J., and HATHAWAY, J., concur.