537 P.2d 31

**Virginia Dorice GRATON, Appellant,**

**v.**

**Austin Sumner GRATON, Appellee.**

**No. I CA–CIV 2582.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 24, 1975.

Rehearing Denied Aug. 8, 1975.

Review Denied Oct. 14, 1975.

Charles M. Giles, Tucson, for appellant.

McGillicuddy & Rich, by T. J. McGillicuddy, Phoenix, for appellee.

## OPINION

JACOBSON, Presiding Judge.

This appeal involves the ever recurring question of the jurisdiction of the trial court to modify provisions of a child custody decree involving in-state and out-of-state parents.

There appears to be no major dispute concerning the facts, insofar as the jurisdictional question is concerned. On April 19, 1969, a decree of divorce was granted by the Pima County Superior Court, dissolving the marriage of Virginia and Austin Graton. As a part of this decree, Virginia was granted the care, custody and control of the two minor boys of the parties. Although the record is not clear in this regard, it appears that the parties contemplated that Virginia would move from Arizona to New Hampshire following the divorce and that Austin's visitation rights to his children granted by the decree would be exercised by his going to New Hampshire and taking the boys to Arizona during the summer and returning them to their mother in the fall. This practice continued for several years.

On July 3, 1973, Austin and his present wife went to New Hampshire according to their established practice and picked up the children. Austin admits that he agreed to return the boys to New Hampshire by August 12, 1973.

On July 27, 1973, while the children were in Arizona, Austin filed a petition in the Superior Court of Maricopa County to modify the Pima County decree seeking change of custody of the children from their mother to himself. In opposition to the petition, Virginia argued that Arizona did not have jurisdiction to modify the prior custody order, or if it did, Pima County rather than Maricopa County was the proper venue.

At the hearing on this matter the court ruled that both the jurisdiction and venue were proper. The merits were heard on September 13, 1973 and the decree of divorce was modified to place the custody of the children with Austin, with Virginia to have visitation rights. This appeal followed.

In relation to the jurisdictional issue, the evidence supports Austin's contention that he did not abduct the children, Brown v. Brown, 105 Ariz. 273, 463 P.2d 71 (1970), but rather he failed to return the boys from an agreed upon temporary vacation. Deatrick v. Galligan, 18 Ariz.App. 171, 500 P.2d 1159 (1972).

The Arizona cases dealing with jurisdiction in this area are Johnson v. Johnson,

105 Ariz. 233, 462 P.2d 782 (1969) (determining the jurisdiction of Arizona courts to modify an Arizona decree where minor children and former spouse reside in California and neither are in this jurisdiction at time modification is sought); Brown v. Brown, *supra,* (determining the jurisdiction of Arizona courts to modify an Arizona decree where petitioning spouse abducted children from foreign jurisdiction, and Deatrick v. Galligan, *supra,* (determining the jurisdiction of Arizona courts to modify a foreign decree where children are present in Arizona as a result of the exercise of temporary visitation rights.)

This case presents the fourth[1] factual jurisdiction determination, that is, the jurisdiction of Arizona to modify an Arizona decree where the children are domiciled in a sister state, but are lawfully physically present in Arizona as a result of the exercise of temporary visitation rights.

In our opinion, this issue must be resolved under present Arizona case law by a determination of where the true domicile of the child lies, as compared to temporary residency or physical presence. As was stated in Johnson v. Johnson, *supra,* quoting from In re Hughes, 73 Ariz. 97, 237 P.2d 1009 (1951):

> "A state can exercise through its courts' jurisdiction to determine the custody of children or to create the status of guardian of the person *only if the domicile of the person placed under custody or guardianship is within the state."* (emphasis in original) 73 Ariz. at 100, 237 P.2d at 1011

■ Thus, in our opinion, *where* the original decree was entered (except for intrastate venue) is immaterial in the determination of which court has jurisdiction to modify child custody. Such a modification should occur only in the jurisdiction in which domicile is presently established. Further, in our opinion, the petitioning spouse cannot, by his or her acts, create domicile in this state where in fact domicile exists elsewhere,[2] and thus the petitioning spouse's motive in bringing this child to this jurisdiction is immaterial. Brown v. Brown, *supra.*

■ Applying this rule to this case, there is no dispute that the children, at the time the petition for modification was filed, were domiciled in New Hampshire, the domicile of the parent who had legal custody. In re Hughes, 73 Ariz. 97, 237 P.2d 1112, *supra.* Their domicile being in New Hampshire, Arizona should not exercise its jurisdiction to modify its own decree relating to child custody. To do so would condone kidnapping at the worst and mitigate against the free and unbridled exercise of visitation rights from a sister state, at the least. *See* Deatrick v. Galligan, *supra;* Application of Lorenz, 194 Or. 355, 241 P.2d 142, reh. den'd, sub nom. Ex parte Lorenz, 194 Or. 355, 242 P.2d 200 (1952).

■ At this point, it is necessary to place a caveat to the rule relied on in this case. *Non-exercise* of jurisdiction by the courts of this state to change custody of minor children within its jurisdiction should not be confused with *lack of* jurisdiction to do so. This state has continually held that it has jurisdiction to affect the custody of children not domiciled here, where those children are deprived of parental care or control, or are abandoned and in need of protection. Johnson v. Johnson, *supra.* None of these circumstances are present in the case before the court.

---

1. A fifth factual situation suggests itself: An attempt by an Arizona court to modify an Arizona decree where the children had been removed from this jurisdiction in contravention of the decree and now reside in a sister state. There is no suggestion of such an illegal removal in this case.

2. An exception to this rule may exist where although the original bringing of the child into this state is illegal, the residency here has continued for such an extended period of time that in fact domicile has attached to this state. See Wise v. Wise, 14 Ariz.App. 125, 481 P.2d 296 (1971).

We therefore hold that the trial court improperly exercised its jurisdiction over the minor children here involved—their legal domicile being elsewhere, its judgment is therefore reversed and the appellee's petition for modification is dismissed. Because of this holding, the court does not reach the venue issue presented.

WILLIAM E. EUBANK and NELSON, JJ., concurring.