574 P.2d 27

Randy SMART, Petitioner,

v.

The Honorable Irwin CANTOR, Judge of
the Maricopa County Superior
Court, Respondent,

and

Alan C. SMART, Real Party In Interest.

No. 13413.

Supreme Court of Arizona,
In Banc.

Dec. 16, 1977.

Shirley H. Frondorf, Frondorf & Thayer, Phoenix, for petitioner.

Tod F. Schleier, Ronald I. Rubin, Sternberg, Sternberg & Rubin, Ltd., Phoenix, for real party in interest.

GORDON, Justice:

Petitioner, Randy Smart, instituted a special action in this Court pursuant to 17A A.R.S., Rules of Procedure for Special Actions. She has alleged an abuse of discretion by the Honorable Irwin Cantor, Judge of the Superior Court, based on the granting of respondent's petition for writ of habeas corpus in a child custody matter.

The custody dispute revolves about Robert Smart who was born to Randy and Alan Smart approximately five years ago. On March 12, 1975, the parties were divorced in Utah, with the petitioner being awarded custody of the child. Then on June 6, 1977, petitioner signed a stipulation to modify the original custody arrangement. Under the terms of the stipulation, respondent was to have custody during the school year, with the summer months being available to petitioner. On account of this stipulation, an order modifying the divorce decree was entered by the Utah court on September 12, 1977.

After signing the stipulation, but prior to the entry of the court order, petitioner moved to Arizona with the child. Respondent, attempting to retrieve the child, filed a certified copy of the Utah order together with a petition for writ of habeas corpus in the Superior Court of Maricopa County. Based on these documents, an order to show cause was issued by the court below on the day before the date set for hearing. Although petitioner was not notified until the evening preceding the hearing, she was able to retain counsel. Following oral argument, the superior court ordered the child be returned to respondent. Due to the adverse determination, petitioner filed this special action, and the superior court's order was stayed pending this opinion.

From the memoranda which have been submitted, it appears that Arizona law concerning habeas corpus procedures in a child custody case is less than clear. The additional issue of full faith and credit [1] certainly has not simplified the matters here contested. Since we are granting the prayer

---

1. U.S.Const. art. IV, § 1.

for relief and remanding for further proceedings, a brief review of these issues seems appropriate.

■ As utilized by respondent, habeas corpus is merely a procedural device to bring child custody matters before a court. *Warren v. Meyers,* 21 Ariz.App. 111, 516 P.2d 53 (1973); *Application of Stone,* 14 Ariz.App. 109, 481 P.2d 280 (1971). Conceptually, such proceedings are related to the "criminal" habeas corpus procedure, A.R.S. § 13–2001 et seq., which is technically a civil procedure to test the legality and correctness of a prisoner's detention. *Powell v. State,* 19 Ariz.App. 377, 507 P.2d 989 (1973). However, when a person petitions the court for a writ of habeas corpus in a child custody matter, the paramount issues are the best interests and the welfare of the child, "rather than the technical legal right of the parent." *Clifford v. Woodford,* 83 Ariz. 257, 262, 320 P.2d 452, 455 (1957); *Johnson v. Johnson,* 105 Ariz. 233, 462 P.2d 782 (1969). Because of this difference, we feel the child custody procedures set forth in A.R.S. § 25–331(D) and (E) now control this type of action rather than the procedures set forth in the criminal code.

■ It was not until the evening preceding the 9:15 a. m. hearing that petitioner received her first notice of the hearing. Because of this abbreviated notice she was unable to prepare a responsive pleading. Also, petitioner was not heard on questions which she sought to raise at the oral argument. On account of the virtual lack of due process, we are remanding for additional proceedings in accordance with A.R.S. § 25–331(E).

■ As respondent correctly asserts, a valid child custody decree of a sister state is entitled to full faith and credit in Arizona. *In Re Guardianship of Rodgers,* 100 Ariz. 269, 413 P.2d 744 (1966). But, as explained by Justice Frankfurter concurring in *New York ex rel. Halvey v. Halvey,* 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947):

"The constitutional policy formulated by the Full Faith and Credit Clause cannot be fitted into tight little categories or too abstract generalities. That policy was the nation-wide restriction of litigiousness, to the extent that States, autonomous for certain purposes, should not be exploited to permit repetitive litigation. In substance, the Framers deemed it against the national welfare for a controversy that was truly litigated in one State to be relitigated in another. * * * The scope of the Full Faith and Credit Clause is bounded by its underlying policy and not by procedural considerations unrelated to it." *Id.* at 616, 67 S.Ct. at 907.

The majority opinion in *Halvey* concluded that the Full Faith and Credit Clause:

"requires the judgment of a sister State to be given full, not partial, credit in the State of the forum. * * * But a judgment has no constitutional claim to a more conclusive or final effect in the State of the forum than it has in the State where rendered. * * * If the court of the State which rendered the judgment had no jurisdiction over the person or the subject matter, the jurisdictional infirmity is not saved by the Full Faith and Credit Clause. * * * Whatever may be the authority of a State to undermine a judgment of a sister State on grounds not cognizable in the State where the judgment was rendered (Cf. *Williams v. State of North Carolina,* 325 U.S. 226, 230, 65 S.Ct. 1092, 1095, 89 L.Ed. 1577, 157 A.L.R. 1366), it is clear that the State of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered." *Id.* at 614–615, 67 S.Ct. at 906. *Accord Kovacs v. Brewer,* 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008 (1958). *See* Annot., 35 A.L.R.3d 520 (1971).

■ From the foregoing it is clear that if Utah lacked the jurisdiction necessary to award respondent custody of the child, then respondent would not have been entitled to enforcement of the Utah order in this jurisdiction. *May v. Anderson,* 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953); *In Re Hughes,* 73 Ariz. 97, 237 P.2d 1009 (1951). Therefore, petitioner should have been heard on this issue in the court below.

■ Additionally, change of circumstances *since* the time of the order relied on by respondent may constitute proper grounds for either modifying the foreign custody award or for refusing its enforcement in whole or in part. *Kovacs v. Brewer,* 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008 (1958); *In Re Guardianship of Rodgers,* 100 Ariz. 269, 413 P.2d 744 (1966); *Sampsell v. Holt,* 115 Utah 73, 202 P.2d 550 (1949). Although changed circumstances may constitutionally be considered during a habeas corpus proceeding, Arizona courts should not adjudicate such matters absent extraordinary circumstances if the child has been wrongfully brought into or retained in Arizona. *McNeal v. Mahoney,* 117 Ariz. 543, 574 P.2d 31 (No. 13436–PR filed this day); *Graton v. Graton,* 24 Ariz.App. 194, 537 P.2d 31 (1975).

■ Fraud has also been cited by the petitioner as adequate grounds to prevent the enforcement of a foreign custody order. Traditionally, fraud has been categorized as either intrinsic or extrinsic, with only the extrinsic variety being adequate to prevent the enforcement of a foreign judgment. *Coffee v. National Equipment Rental, Ltd.,* 9 Ariz.App. 249, 451 P.2d 329 (1969); *Bebeau v. Berger,* 22 Ariz.App. 522, 529 P.2d 234 (1974). The distinction between extrinsic and intrinsic fraud was explained in the Restatement of Judgments § 118, Comment b. (1942):

"[E]quitable relief ordinarily will be denied in cases where the sole basis of relief is that the judgment was erroneous because of the error or ignorance by the court or of one of the parties, or even of the fraud or perjury of the successful party. Equitable relief will be given only in a limited number of situations where the judgment was rendered after proceedings in which the present complainant was deprived of an opportunity of presenting adequately his claim or defense. The distinction between the types of situations in which equitable relief will be given and those in which it will not be given, has sometimes been expressed by saying that equity will not relieve for fraud which leads to an erroneous judgment after a trial which is otherwise fair, but only where a party has been prevented from having a reasonably fair trial. The first situation has been described as resulting from intrinsic fraud or error for which no relief will be given; the second situation has been described as resulting from extrinsic fraud, error, or misfortune, for which relief will be granted." *Accord Mueller v. Payn,* 30 Md.App. 377, 352 A.2d 895 (1976); *See Stephens v. Thomasson,* 63 Ariz. 187, 160 P.2d 338 (1945). Thus, petitioner's allegation that she signed the custody stipulation under duress would only constitute intrinsic fraud. Accordingly, Utah rather than Arizona is the proper forum for determination of the duress issue. *See* 9 Utah Code Ann., Rules of Civ.Pro., Rule 60(b).

■ Closely related to the foregoing issues is petitioner's claim that she was denied her right to due process of law because she did not receive any notice of Utah's modification proceedings. We are not here ruling on the effect of petitioner's signing the stipulation which underlies the modification order, but a parent is entitled to due process whenever his or her custodial rights to a child will be determined by a proceeding. *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). If obtained in violation of due process, a judgment is not entitled to full faith and credit. *Griffin v. Griffin,* 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1946); *Coffee v. National Equipment Rental, Ltd.,* supra.

■ Although the paramount concern in a child custody proceeding is the best interest of the child, parents are not without their rights. These include the right to adequate notice so the parent may file a responsive pleading, appear and be heard. Since petitioner was not afforded sufficient notice to exercise her rights in the Arizona proceeding, we are remanding for a new hearing pursuant to A.R.S. § 25–331(E). Of course, as the petition for writ of habeas corpus is based on a foreign custody decree, the scope of the hearing is limited. Extrinsic fraud, jurisdiction of the

sister state, and violation of due process may all be considered at the hearing. Change of circumstances since the custody decree in issue, on the other hand, should only be considered in exceptional circumstances.

Prayer for relief granted; order of the superior court vacated, and the matter is remanded for additional proceedings in accordance with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.