576 P.2d 1387

**Donna L. CARLSON, Petitioner,**

v.

**The Honorable I. Sylvan BROWN, Judge of the Superior Court of Maricopa County, State of Arizona, Dayle W. CARLSON, Real Party in Interest, Respondents.**

**No. 1 CA–CIV 3987.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 9, 1978.

Rehearing Denied March 10, 1978.

Review Denied March 28, 1978.

Lewis & Roca, Jeremy E. Butler, Phoenix, for petitioner.

Behrens, MacLean & Jacques, John H. MacLean, Phoenix, for respondent real party in interest.

## OPINION

OGG, Judge.

This is a petition for relief by special action arising out of an order of the superior court entered by the respondent judge dismissing a petition to modify the child custody provisions of a decree of dissolution. Although we deny relief, we deem the issues raised herein of such importance that we have accepted jurisdiction to issue a written opinion.

The marriage of the petitioner Donna Carlson (the mother) and the respondent real party in interest Dayle Carlson (the father) was dissolved by decree entered in the Maricopa County Superior Court on April 21, 1976. There was a subsequent, separate trial on custody, which resulted in an order entered August 27, 1976, awarding custody of the parties' four children to the father, with liberal visitation rights accorded to the mother. Detailed provisions with respect to visitation were set forth in a stipulated amendment to the decree entered November 29, 1976. Included in this was a provision by which the mother was to have a continuous two month visitation with the children in the summer.

The father and the children moved to Hawaii in the early fall of 1976. The four children presently reside with him and attend school there. Pursuant to the visitation provisions of the decree, the children were delivered to the mother on or about June 17, 1977. The two older children did not complete the scheduled visitation and their custody is not in issue here. The two younger children, Erin and Eric, remained with the mother through the summer. On July 22, 1977, the mother filed a petition in the superior court to modify the custody provisions of the decree so that she would have custody of Erin and Eric. The petition alleged a change of circumstances and various reasons for a change of custody, including the physical and other well being of the children.

An initial hearing was held on this petition pursuant to ARS § 25–339 on August 15, 1977.[1] Prior thereto, the mother filed a motion to extend the visitation which was resolved by a stipulated order that the visit would be extended until the time of hearing on the petition to modify. The initial § 25–339 hearing on August 15 resulted in a minute entry ruling by Judge Robert W. Pickrell in which he found that "adequate cause for hearing petition for modification is established by the pleadings." The father moved to dismiss the petition insofar as it requested a modification of the custody provisions, and asked that Erin and Eric be delivered to him for transportation to Hawaii on August 31, 1977.

The motion to dismiss was based upon the decision of this court in *Graton v. Graton*, 24 Ariz.App. 194, 537 P.2d 31 (1975), in which it was held that the exercise of jurisdiction would be declined where the custodial parent resided in another state and the children were here on a visit to the non-custodial parent.

The mother opposed the motion and filed an affidavit which reads in part:

\* \* \* \* \* \*

2. I presently reside in Prescott, Arizona, but I have maintained my domicile continuously in the State of Arizona be-

1. § 25–339. Affidavit; contents

A party seeking a temporary custody order or modification of a custody decree shall submit an affidavit or verified petition setting forth detailed facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, or verified petition to other parties to the proceeding, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the pleadings, in which case it shall set a date for hearing on why the requested order of modification should not be granted.

fore filing the petition for dissolution of marriage and thereafter.

\* \* \* \* \* \*

4. During my visitation with the four minor children during Christmas 1976, and Spring vacation of 1977 in Hawaii, it became apparent to me that the living arrangements for my four minor children were very unsatisfactory and, further, that the two minor children, Erin and Eric, were being neglected by the respondent, specifically that Erin was not receiving medical treatment for a urinary infection. She was in pain from that infection and respondent Dayle Carlson was unwilling to have her treated promptly by a physician. During the recent two-month visitation I have taken my daughter Erin to physicians in Prescott who have diagnosed her illness, and are in the course of treating it. Despite my request to respondent Dayle Carlson that this treatment be completed by Dr. Everett Hendrix in Prescott, respondent Carlson has refused to give permission for this examination. It is my intention to submit a motion to this court to obtain this treatment.

5. It is in the best interest of the minor children, Erin and Eric, that the Superior Court of Maricopa County retain jurisdiction because the children and I have significant connections with the State of Arizona and there is available in Arizona substantial evidence concerning the children's present or future care, protection, training and personal relationships, which evidence may come from the following persons, all of whom reside in the State of Arizona:

[Here follows the names of thirteen individuals or groups of people.]

6. The above stated persons and I will give testimony about the present environment for the minor children in my home in Prescott, Arizona, about the necessity for medical treatment for Erin, about the educational training of the children and about personal relationships between the children and other persons in the community.

After hearing on the motion to dismiss, the trial court made the following finding and order:

The Court finds that although it may have jurisdiction pursuant to the statute that it would be in error for this Court to exercise and inappropriate for this Court to exercise jurisdiction in this case where the domicile of the children is not within the State of Arizona and that the children were brought into the State of Arizona for the purpose of visitation prior to filing the petition for change of custody. IT IS ORDERED granting the motion to dismiss.

Following entry of this order the mother commenced the instant special action. This court denied a motion to stay the effect of Judge Brown's order, which also required the children to be delivered to respondent for transport to Hawaii, and took the petition under advisement.

There does not appear to be any question but that the father and the children are domiciled in Hawaii. The position of the petitioner is that although the domicile of the children is in Hawaii, the superior court has jurisdiction to modify the decree pursuant to ARS § 25–331(A)(2). This provision and the related provisions of subsections A through C of § 25–331 are pertinent to an understanding of the issues in this case. These provisions read:

§ 25–331. Jurisdiction; commencement of proceedings

A. The superior court for the state of Arizona is vested with jurisdiction to decide child custody matters by initial determination or by modification decree if:

1. This state is the domicile of a child at the time of commencement of the proceeding, or had been the child's domicile within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reason, and a parent or person acting as parent continues to live in this state; or

2. It is in the best interest of the child that a court of this state assume jurisdic-

tion because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

3. The child is physically present in this state and has been abandoned or it is necessary in an emergency to protect him because he has been subjected to or threatened with mistreatment or abuse or is neglected or dependent; or

4. No other state has jurisdiction under prerequisites substantially in accordance with paragraph 1, 2 or 3, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine custody of the child, and it is in his best interest that the court assume jurisdiction.

B. Except under paragraphs 3 and 4 of subsection A, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

C. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.

The father's front line position is that *Graton v. Graton* is controlling and requires that any modification petition be brought in Hawaii, the state of domicile of the custodial parent and the children. His secondary position is that the mother did not make a sufficient showing upon which to base jurisdiction in the superior court under § 25–331(A)(2). He also raises a question in regard to venue which we do not find necessary to consider.

 The mother contends in one portion of her argument that since the pleadings were tested and found sufficient at the § 25–339 hearing, the existence of jurisdiction in the trial court to rule upon the petition was established. We cannot accept that position. The general rule is that jurisdiction over the subject matter may be raised at any time. *Kelly v. Kelly*, 24 Ariz.

App. 582, 540 P.2d 201 (1975). We believe that this principle is applicable in the context of the present proceeding. Any jurisdictional issues should, of course, be raised by opposing counsel at this hearing so that petitions which are facially without merit can be eliminated.

We come then to the critical question of whether the trial court acted arbitrarily or beyond its powers in refusing to exercise jurisdiction in this case. The mother argues that the principles of *Graton* are now without efficacy in view of the provisions of § 25–331. The Arizona Supreme Court, however, has very recently endorsed the key principles stated in *Graton* that in child custody litigation "a distinction must be made between *lack* of jurisdiction and *non-exercise* of jurisdiction." *McNeal v. Mahoney*, Ariz., 574 P.2d 31 (filed December 16, 1977). In *McNeal* the court held that the broad grant of jurisdiction under § 25–331(A)(2) did not destroy the established practice of Arizona courts of refusing to accept jurisdiction in cases in which the child is brought into the state illegally or retained here wrongfully. While *McNeal* does not speak to the specific question presently before us, it evidences an intent on the part of the Arizona Supreme Court to carefully construe the provisions of the new legislation regarding jurisdiction in child custody matters to effectuate the basic legislative intent perceived in previously established salutory principles.

Multi-state child custody litigation has been a blight upon our legal system. Acute dissatisfaction with this proliferating and unsettling form of litigation provided the impetus for the Uniform Child Custody Jurisdiction Act which appears to be the basis for ARS § 25–331(A) through (C). See, Bodenheimer, *The Rights of Children and the Crisis in Custody Litigation; Modification of Custody In and Out of State*, 46 *Colo.L.Rev.* 495 (1975); Bodenheimer, *The Uniform Child Custody Jurisdiction Act: A Legislative Remedy for Children Caught in the Conflicts of Laws*, 22 *Vand.L.Rev.* 1207 (1969). A basic underlying intent of the draftsmen of the uniform legislation ap-

pears to have been to establish a single settlement of custody disputes. See generally Uniform Child Custody Act, 9 Uniform Laws Annotated 103 (1973). In regard to the model for ARS § 25–322(A)(2), the Commissioners' Note of the Uniform Laws Annotated, states:

> Paragraph (2) perhaps more than any other provision of the Act requires that it be interpreted in the spirit of the legislative purposes expressed in section 1. The paragraph was phrased in general terms in order to be flexible enough to cover many fact situations too diverse to lend themselves to exact description. *But its purpose is to limit jurisdiction rather than to proliferate it. The first clause of the paragraph is important: jurisdiction exists only if it is in the child's interest,* not merely the interest or convenience of the feuding parties, to determine custody in a particular state. *The interest of the child is served when the forum has optimum access to relevant evidence about the child and family. There must be maximum rather than minimum contact with the state.* The submission of the parties to a forum, perhaps for purposes of divorce, is not sufficient without additional factors establishing closer ties with the state. Divorce jurisdiction does not necessarily include custody jurisdiction. See Clark, Domestic Relations 578 (1968). [Emphasis added.] 9 Uniform Laws Annotated at 108.

In the instant case, while the affidavit of the mother and the other pleadings filed by her in respect to her petition for modification, set forth a basis from which it might be concluded that the children and the mother had a significant connection with Arizona and that there is available here substantial evidence concerning the children as required by subsection (A)(2), there is lacking in both the affidavit and the verified pleadings any statement as to why assumption or retention of jurisdiction by Arizona is to be preferred over the courts of the state of domicile—Hawaii. Subsection (A)(2) speaks in terms of the best interest of the child. This means that before the trial court is required to hold a hearing and determine the matter there must be a verified factual basis alleged from which the court might determine that it is *better* for Arizona to assume jurisdiction than the courts of the state of domicile. It must be alleged in essence that Arizona has optimum access to relevant evidence concerning the child and the family.

Here, it appears that the children had resided in Hawaii for the better part of a school year. Three of the four other members of the family reside in Hawaii. The ties of the mother and the children to Arizona or to any one locale in Arizona do not appear on the record to be so strongly established to point to the conclusion that the maximum access to relevant evidence which is usually available at the domicile is instead available here. We perceive it is the intent of the Uniform Child Custody Jurisdiction Act to create a species of presumption or predilection in favor of the exclusive exercise of jurisdiction at the state of domicile. For jurisdiction to be properly exercisable elsewhere, ARS § 25–331(A)(2) requires a strong showing of exceptional circumstances, *McNeal*; we do not find a sufficiently strong showing here. See also *Smart v. Cantor,* Ariz., 574 P.2d 27 (filed December 16, 1977).

For the forgoing reasons, relief is denied.

EUBANK, P. J., and WREN, J., concur.