NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

BRIAN HAYDEN, *Petitioner/Appellee*,

*v.*

SARAH LYNCH, *Respondent/Appellant*.

No. 1 CA-CV 19-0352 FC

FILED 3-24-2020

Appeal from the Superior Court in Maricopa County
No.  FC 2018-095111
The Honorable Kristin Culbertson, Judge

**AFFIRMED**

APPEARANCE

Sarah Lynch, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1 Sarah Lynch ("Mother") appeals from the superior court's order establishing legal decision-making authority, parenting time, and child support for the minor child ("the child") she shares with Brian Hayden ("Father"). For the following reasons, we affirm.

**BACKGROUND**

¶2 On July 31, 2018, Father petitioned the superior court to establish legal decision-making authority, parenting time, and child support for the child. Father requested that the court: (1) designate him the child's primary residential parent, (2) award Mother reasonable parenting time as set forth in his proposed parenting time plan (nights and every other weekend with Father; days and every other weekend with Mother), (3) award the parties joint legal decision-making authority, and (4) order Mother to pay child support.

¶3 On August 20, 2018, Mother responded to Father's petition. She, in turn, requested that the court: (1) designate her the child's primary residential parent, (2) award Father reasonable parenting time as set forth in her proposed parenting time plan ("days off" and every other weekend with Father; nights, days, and every other weekend with Mother), (3) award the parties joint legal decision-making authority, and (4) order Father to pay child support.

¶4 On September 6, 2018, the superior court entered an order requiring the parties to appear for an early resolution conference on October 16, 2018. Mother failed to appear at the conference, however. Upon finding that Mother "was properly notified," the court assessed a "no-show fee" to Mother for her failure to appear.

¶5 On December 12, 2018, the superior court held a resolution management conference. Again, Mother failed to appear. Upon finding that the conference was "a properly noticed proceeding" and Mother had failed

to appear without good cause, the court proceeded with the conference in her absence.

**¶6**　　　On March 26, 2019, the superior court held a trial on Father's petition. For the third time, Mother failed to appear. Upon finding that the trial was "a properly noticed proceeding" and Mother's failure to appear was without good cause, the court proceeded with the trial in her absence. After Father testified, the court: (1) awarded the parties joint legal decision-making authority, (2) designated Father the primary residential parent, (3) awarded Mother parenting time every weekend from 8:30 a.m. on Friday (daycare/school drop-off) until 8:30 a.m. on Monday (daycare/school drop-off), (4) ordered the holiday and summer schedule set forth in Mother's proposed parenting plan, and (5) ordered Mother to pay child support in the amount of $106 per month. Mother timely appealed.

## DISCUSSION

**¶7**　　　Mother asks this court to vacate the superior court's order and remand for a new trial because she did not present evidence for the court's consideration. In making this request, Mother does not contest that the superior court mailed her a notice of the time and place for the trial. Instead, she contends that she did not receive any notice because she was no longer living at "the previous address on file" with the court.

**¶8**　　　We generally review legal decision-making authority, parenting time, and child support orders for an abuse of discretion. *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019) (legal decision-making authority and parenting time); *McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 6 (App. 2002) (child support). We review claims of due process violations, however, de novo. *Savord v. Morton*, 235 Ariz. 256, 260, ¶ 16 (App. 2014).

**¶9**　　　A parent "is entitled to due process whenever his or her custodial rights to a child will be determined by a proceeding." *Smart v. Cantor*, 117 Ariz. 539, 542 (1977). At a minimum, due process requires adequate notice and the opportunity to appear and be heard. *Id*.

**¶10**　　　In this case, the superior court proceeded with a properly noticed trial in Mother's absence, and Mother has failed to demonstrate good cause for her failure to appear. Instead, Mother concedes that she failed to update her current address with the superior court and, in fact, did not do so until she filed her notice of appeal. Although Mother responded to Father's petition on August 20, 2018, the record reflects that she did not contact the court thereafter until April 19, 2019, when she filed her notice of appeal. Her failure to inquire about the status of her case for eight months

was not reasonable and nothing in the record suggests that her failure to appear was otherwise excused by good cause. Therefore, the superior court did not err by proceeding to trial in Mother's absence and entering a legal decision-making authority, parenting time, and child support order based on the evidence presented.

## CONCLUSION

¶11        For the foregoing reasons, we affirm.

